**William P. ROGERS, Attorney General of the United States,**

v.

**SCHERING CORPORATION, Appellant,**
**Hexagon Laboratories, Inc., Intervenor.**

**No. 12816.**

United States Court of Appeals
Third Circuit.

Argued Dec. 1, 1958.

Decided Jan. 8, 1959.

Anthony A. Augelli, Jersey City, N. J., William D. Denson, New York City, for appellant.

Allan L. Tumarkin, Newark, N. J., and Montrose H. Massler, New York City, for intervenor.

Chester A. Weidenburner, U. S. Atty., Newark, N. J., for the Government.

Before BIGGS, Chief Judge, and MARIS, GOODRICH, McLAUGHLIN, KALODNER, STALEY and HASTIE, Circuit Judges.

MARIS, Circuit Judge.

Hexagon Laboratories, Inc., an intervenor in the district court, has moved to docket and dismiss an appeal taken by the defendant, Schering Corporation, from an order of the district court denying Schering's motion to confirm an award of arbitrators and granting the motion of the intervenor to vacate the award. The background facts will be summarized briefly.

The stock of Schering, owned by German interests, was taken over by the Alien Property Custodian pursuant to the Trading with the Enemy Act, 50 U.S.C.A.Appendix, § 1 et seq. In 1952 the Schering stock was sold to the public, after an agreement had been entered into by the corporation with the Attorney General, as successor to the Alien Property Custodian, whereby, inter alia, it was agreed that certain patents owned by Schering were to be licensed by it to qualified applicants on a non-exclusive basis at a reasonable royalty to be arrived at by negotiation or, if negotiation failed, by arbitration under the rules of the American Arbitration Association.

An action was brought by the Attorney General as plaintiff to enjoin alleged violation of the agreement and for a declaratory judgment that the agreement was valid. The defendant, Schering Corporation, counterclaimed for rescission of the agreement. On July 8, 1955 the district court gave judgment for the plaintiff. Brownell v. Schering Corp., D. C., 129 F.Supp. 879. The judgment was affirmed by this court on appeal. 3 Cir., 228 F.2d 624, certiorari denied 351 U.S. 954, 76 S.Ct. 849, 100 L.Ed. 1477.

On July 6, 1956 Hexagon applied to Schering for a license under Schering's Patent No. 2,567,245 to manufacture and sell an anti-histamine known as chlorprophenpyradimine maleate. The parties were unable to agree on the amount of royalty and on September 8, 1956

Hexagon demanded arbitration. On September 20, 1956 Schering moved the district court to construe its final judgment of July 8, 1955 and to determine that Hexagon was not a qualified applicant for a license within the meaning of that judgment. On January 14, 1957 the district court entered an order declaring that Schering is required in good faith to negotiate for a license with Hexagon and to arbitrate any disputes over reasonable royalties pursuant to the agreement. Brownell v. Schering Corp., D. C., 146 F.Supp. 106.

Meanwhile the arbitration demanded by Hexagon in September 1956 had been begun, the first hearing having been held on December 20, 1956. The proceedings terminated with an award by the arbitrators on February 25, 1958. The motions by Schering to confirm the award and by Hexagon to vacate it followed. On September 22, 1958 the district court entered an order denying the motion to confirm and granting the motion to vacate. D.C., 165 F.Supp. 295. Its action was based on its finding that one of the arbitrators was disqualified to act. From this order Schering appealed. The motion to dismiss that appeal which is now before us raises the question whether the order appealed from has appealable finality.

In support of its motion Hexagon argues that the order vacating the arbitration award is essentially similar to an order granting a new trial in a civil action, since a new arbitration proceeding must follow under the agreement and prior order of the district court. It relies upon Stathatos v. Arnold Bernstein S. S. Corp., 2 Cir., 1953, 202 F.2d 525, for this proposition. In that case the court held, one judge dissenting, that an order vacating a prior arbitration award and directing a resubmission to new arbitrators was but a step in a continuing process of arbitration and, therefore, lacked appealable finality.

We think that the present case is distinguishable from the Stathatos case in that here the court merely vacated the arbitrator's award and refrained in its

order from directing a new arbitration although requested by Hexagon to do so. It is probably true, as Hexagon now argues, that such a direction was unnecessary in view of the fact that the court's order of January 14, 1957 directing Schering to arbitrate, if necessary to arrive at a royalty rate, remained in effect and was binding on Schering. It is upon this theory that Hexagon urges upon us our decision in United States v. Agne, 3 Cir., 1947, 161 F.2d 331, as authority in support of its motion. In that case we held that an order vacating a default decree which had been entered in favor of the Government in a suit to cancel a certificate of naturalization, was no more final than an order granting a new trial and was, therefore, not appealable. That, however, was a purely judicial proceeding and after the vacation of the default decree it still remained for the court to hear and determine the Government's request for the revocation of the defendant's citizenship.

It is settled that an order for arbitration is a final appealable decision where it is not merely a step in the judicial enforcement of a claim nor auxiliary to a main proceeding but is the full relief sought. Goodall-Sanford v. United Textile Workers, 1957, 353 U.S. 550, 77 S.Ct. 920, 1 L.Ed.2d 1031; Compania Panemena Maritima San Gerassimo, S. A. v. J. E. Hurley Lbr. Co., 2 Cir., 1957, 244 F.2d 286; Farr & Co. v. Cia. Intercontinental de Navegacion, 2 Cir., 1957, 243 F.2d 342; Continental Grain Co. v. Dant & Russell, 9 Cir., 1941, 118 F.2d 967; In re Canadian Gulf Line, 2 Cir., 1938, 98 F.2d 711. Such cases are to be distinguished from those in which an order for arbitration is made in the course of a continuing suit for other relief. Schoenamsgruber v. Hamburg American Line, 1935, 294 U.S. 454, 55 S.Ct. 475, 79 L.Ed. 989, and In re Pahlberg Petition, 2 Cir., 1942, 131 F.2d 968, were cases of the latter sort.

The Stathatos case, upon which Hexagon chiefly relies, seems to be out of line with these authorities. For although it was a case brought solely to compel arbitration, the majority of the court relied upon the Schoenamsgruber and Pahlberg cases. Moreover, the authority of the case is certainly impaired if it is not completely overruled by the decision of the Supreme Court in the Goodall-Sanford case and the later decisions of the Court of Appeals for the Second Circuit which we have cited above. Certainly if an original order to arbitrate is final and appealable a later order in the same case vacating the award resulting from the original order to arbitrate and directing another arbitration such as was made in the Stathatos case should on principle be equally final and appealable.

It would appear that the underlying rationale of the cases, although not often expressed in these terms, is that an order directing arbitration is interlocutory and, therefore, not appealable if it is made in a lawsuit, such as a suit for damages, in which in the normal course of judicial procedure there will be a later final order or judgment from which an appeal can be taken by a person aggrieved by the prior order to arbitrate. If, however, the order to arbitrate will not in normal course of procedure be followed by another judicial order which will be required to carry the arbitration award into effect, the order to arbitrate must be regarded as final if the right to review it on appeal is to be given.

The latter is the situation in the present case. For the order of September 22, 1958 vacating the arbitration award merely opened the way for the continued operation of the prior order directing the parties to negotiate the royalty rate to be inserted in Schering's patent license to Hexagon and if necessary to arbitrate it. If the order of September 22, 1958 stands and the parties do carry out a second arbitration all that will remain to be done will be for them to insert in the license agreement the amount of the royalty rate fixed by the arbitrators and sign the agreement. Certainly the award will not require judicial approval or a court decree to put it into effect. Therefore, unless Schering now has a right to

appeal from the order of September 22, 1958 it will in all probability never be able to secure an appellate review of that order.

The order made by the district court in this case on January 14, 1957 to negotiate and arbitrate was undoubtedly a final appealable order since it was not made in the course of a continuing suit which sought other relief. It follows from what has been said that the order here appealed from was also a final appealable order even though its effect was to leave in force for future observance by the parties the prior order of the court directing arbitration.

The motion to dismiss the appeal will be denied.