**FORMIGLI CORPORATION, Appellant,**

v.

**ALCAR BUILDERS, INC.**

**No. 14450.**

United States Court of Appeals Third Circuit.

Argued Dec. 3, 1963.

Decided March 12, 1964.

Benjamin Kuby, Philadelphia, Pa. (Paul N. Minkoff, Klovsky & Kuby, Philadelphia, Pa., on the brief), for appellant.

Robert F. Cushman, Philadelphia, Pa. (Kenneth M. Cushman, Cushman & Oobert, Philadelphia, Pa., on the brief), for appellee.

Before STALEY, GANEY and SMITH, Circuit Judges.

GANEY, Circuit Judge.

This is an appeal from an order of the District Court staying an action for breach of contract and directing the parties to proceed to arbitration at the request of the defendant-appellee.[1] Diversity of citizenship and the amount involved are the basis for the District Court's jurisdiction over the subject matter. The threshold question is a jurisdictional one. In Kirschner v. West Company, 300 F.2d 133 (C.A.3, 1962), this Court states at page 134 of the opinion:

> "An order granting a stay pending arbitration is analogous to an injunctive order which is interlocutory in nature and consequently not appealable as a final decision under § 1291, 28 U.S.C.; appealability exists, however, under § 1292(a) (1), 28 U.S.C., when such a stay is granted (or denied) in an action at law; appealability does not exist under § 1292(a) (1) when a stay is granted (or denied) in an action in equity since the grant (or denial) is merely a step in the control of the litigation. * * * *"

Therefore we must determine whether the stayed action is at law or in equity. In substance the complaint avers that the defendant-appellee by written contract engaged the services of the plaintiff-appellant as a sub-contractor for the performance of some of the work in the construction of an apartment house in Horsham, Pennsylvania, and that as a result of defendant preventing it from performing the work under the sub-contract, it sustained damages for loss of profit approximating the sum of $25,000, and demands judgment for that amount against the defendant. The sole relief sought is money damages; no coercive remedy is requested. Plainly the action is one at law, and we have jurisdiction to hear the appeal.

Plaintiff contends that the arbitration provision of the sub-contract does not expressly encompass a dispute involving a total breach of contract and a claim for damages for the resulting loss of profits.

1. The opinion of the District Court is reported at 215 F.Supp. 166 (E.D.Pa.1963).

Article XV of the sub-contract provides: "In case, the parties hereto disagree in relation to any clause or provision of this contract and the right of the parties with regard thereto such disagreement shall be arbitrated under the law of the State of Pennsylvania, * * Such arbitration shall be a condition precedent to the institution of any suit arising out of any such disagreement."

■■ In the absence of the applicability of the Federal Arbitration Act, a provision of a contract providing for arbitration is enforceable by a Federal court in a diversity action where the substantive law of the forum is that an agreement to submit a disagreement to arbitration is binding upon the parties. Bernhardt v. Polygraphic Co., 350 U.S. 198, 202–204, 76 S.Ct. 273, 100 L.Ed. 199 (1956). The contract before us was executed on May 21, 1962, in Philadelphia and was to be performed at Horsham, Pennsylvania. The law of that State governs the interpretation and construction of the contract here. Badgett Mine Stripping Corp. v. Pennsylvania Turnpike Commission, 173 F.Supp. 425 (M.D. Pa.1959).

■ With exceptions immaterial here, arbitration provisions in contracts are valid and enforceable in Pennsylvania.[2] Wm. Linker Co., Inc., v. Feinberg, 360 Pa. 601, 62 A.2d 839 (1949). In the case of Philadelphia Marine Trade Ass'n v. International Longshoremen's Ass'n, Local Union No. 1291, 382 Pa. 326, 115 A.2d 733 (1955), cert. den., 350 U.S. 843, 76 S.Ct. 84, 100 L.Ed. 751, the Supreme Court of Pennsylvania states at p. 336 of its opinion, 115 A.2d at p. 738: "The construction of a contract to determine what questions the parties have

agreed therein to submit to arbitration is one, not for the arbitrators themselves, but for the court to decide, and the court will not readily infer that it was intended to empower the arbitrators to determine the extent of their own jurisdiction * * *." But where the parties have agreed that the arbitrator shall decide what disputes are arbitrable, then such determination is to be left to the arbitrator. See 3 P.L.E., Arbitration, § 7. Since there is nothing in the contract to the contrary, we think a court of state-wide jurisdiction would interpret the words "any clause or provision of this contract" in Article XV to include that article also. Therefore, whether Article XV covers the dispute in question is arbitrable, and the matter must be arbitrated before court action is sought by the parties.

The District Court made no determination whether the Federal Arbitration Act of 1947, as amended, 61 Stat. 669, 9 U.S. C.A. § 1 et seq., is applicable or not in this case because it found no necessity for doing so. There is no maritime transaction here and the contract itself does not evidence a transaction involving interstate commerce.[3] We need not ascertain whether interstate commerce is involved here either, for whether the Federal Arbitration Act is or is not applicable here will not require a decision different than that reached by the District Court. See United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); Monte v. Southern Delaware County Authority, 321 F.2d 870 (C.A.3, 1963).

The order of the District Court will be affirmed.

---

2. The 1935 amendment of § 2 of the Pennsylvania Arbitration Act of 1927, P.L. 381, 5 P.S. § 162, empowers the court in which an action is pending, upon being satisfied that the issue involved is referable to arbitration under an agreement, to stay such proceeding on application by one of the parties to the agreement.

3. However, an affidavit, submitted by defendant, states that the only place where plaintiff has a plant for the manufacture of pre-cast concrete floor systems is in New Jersey, and that from the time of the execution of the contract to its breach, the parties intended that the pre-cast concrete floor systems would be manufactured by plaintiff in New Jersey and then transported to Pennsylvania for installation in the apartment project.