846 F.2d 196
 COMMONWEALTH INSURANCE COMPANY
v.
The UNDERWRITERS, INC., Joseph F. Ambriano, John A.
Kraeutler, R. Donald Quackenbush, John A. Kraeutler, Inc.,
J.A.C.K. Holding Company Inc., Richard Greene, Joseph L.
Kelley, J.D. Kelley, Inc., American Centennial Insurance
Company, Beneficial Corporation, Richard H. Bate, Cecil M.
Benadom, Charles W. Bowser, Robert C. Cannada, Elbert N.
Carvel, Finn M.W. Caspersen, Freda R. Caspersen, Charles H.
Donovan, William H., H. Ely, Jr., George R. Evans, David J.
Farris, Leon A. Fults, James H. Gilliam, Jr., J. Thomas
Gurney, Andrew C. Halvorsen, Charles E. Hance, J. Robert
Hillier, Gerald L. Holm, Kenneth J. Kircher, Thomas P.
McGough, Robert R. Meyer, Steven Muller, Michael Regan,
Susan Julia Ross, Robert A. Tucker, Susan M. Wachter,
Richard A. Wagner, Arthur T. Ward, Jr., Charles H. Watts,
II, Richard F. White, Russell W. Willey and K. Martin Worthy.
COMMONWEALTH INSURANCE COMPANY
v.
BENEFICIAL CORPORATION, Barrett Treaty Corporation, Dennis
J. Vaughan & Co., Inc., R. Donald Quackenbush, William P.
Barrett, Dennis J. Vaughan, Richard H. Bate, Cecil M.
Benadom, Charles W. Bowser, Robert C. Cannada, Elbert N.
Carvel, Finn M.W. Caspersen, Freda R. Caspersen, Charles H.
Donovan, William H., H. Ely, Jr., George R. Evans, David J.
Farris, Leon A. Fults, James H. Gilliam, Jr., J. Thomas
Gurney, Andrew C. Halvorsen, Charles E. Hance, J. Robert
Hillier, Gerald L. Holm, Kenneth J. Kircher, Thomas P.
McGough, Robert R. Meyer, Steven Muller, Susan Julia Ross,
Robert A. Tucker, Susan M. Wachter, Richard A. Wagner,
Arthur T. Ward, Jr., Charles H. Watts, II, Richard F. White,
Russell W. Willey and K. Martin Worthy.
Appeal of COMMONWEALTH INSURANCE COMPANY ("Commonwealth").
 No. 88-5056.
 United States Court of Appeals,
Third Circuit.
 Submitted May 5, 1988.
Decided May 16, 1988.
 
 Paul M. Dodyk, Brian S. Fraser, Cravath, Swaine & Moore, New York City, Matthew F. Boylan, Lee Hilles Wertheim, Lowenstein, Sandler, Kohl, Fisher & Boylan, Roseland, N.J., for appellant.
 Charles Lee Thomason, Wilson, Elser, Moskowitz, Edelman & Dicker, Newark, N.J., for appellees, William P. Barrett and Barrett Treaty Corp.
 Stuart Peim, Riker, Danzig, Scherer, Hyland & Perretti, Morristown, N.J., for appellees, American Centennial Ins. Co. & Beneficial Corp. and Beneficial Officer and Director defendant who have been served.
 Robert A. Boutillier, Shanley & Fisher, P.C., Morristown, N.J., Larry F. Gainen, Robert A. Banner, Lepatner, Gainen & Block, New York City, for appellees, D.J. Vaughan and Dennis J. Vaughan & Co.
 Edwin R. Matthews, Budd Larner Gross Picillo, Rosenbaum Greenberg & Sade, P.C., Short Hills, N.J., for appellee, Richard Greene.
 Before GIBBONS, Chief Judge, and MANSMANN and COWEN, Circuit Judges.
 OPINION OF THE COURT
 MANSMANN, Circuit Judge.
 
 
 1
 Commonwealth Insurance Company appeals from an order of the district court staying proceedings against all defendants in these consolidated actions pending the resolution of arbitration proceedings between Commonwealth and American Centennial Insurance Company, a defendant in one of the actions. We find that in light of the Supreme Court's recent decision in Gulfstream Aerospace Corporation v. Mayacamas Corp., --- U.S. ----, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988), we lack appellate jurisdiction. Therefore we will dismiss this appeal.
 
 I.
 
 2
 This appeal arises out of two consolidated actions by plaintiff Commonwealth seeking to avoid allegedly fraudulently obtained contracts for the purchase of reinsurance from American Centennial Insurance Corporation through two of American Centennial's agents, The Underwriters Inc. and Barrett Treaty Corporation. Some of the challenged contracts contain clauses relegating to arbitration any disputes as to the construction or operation of the agreements. American Centennial, a defendant only in the action on the Underwriters' contracts, demanded arbitration pursuant to these clauses. All of the defendants in both actions moved for a stay of proceedings, pursuant to Section 3 of the Arbitration Act, 9 U.S.C. Sec. 3, pending the Commonwealth-American Centennial arbitration.
 
 
 3
 In opposition to the stay, Commonwealth claimed that its managing general agent, Fordinbridge International Ltd., exceeded its authority in entering into the contract containing the arbitration clause. The district court found that Commonwealth was unable to raise an issue of material fact as to the apparent authority of its agent to bind it to the arbitration provision. Therefore the court found the provision valid and ordered the stay pending arbitration. Commonwealth appealed.
 
 
 4
 Commonwealth originally predicated appellate jurisdiction on the so-called Enelow-Ettelson doctrine which made a stay of an action at law pending arbitration automatically appealable as an injunction under 28 U.S.C. Sec. 1292(a)(1)[1] on the theory that the stay was analogous to an equitable restraint of legal proceedings. During the pendency of this appeal the Enelow-Ettelson doctrine was overruled by a unanimous Supreme Court in Gulfstream Aerospace Corp. v. Mayacamas Corp., (Gulfstream) --- U.S. ----, 108 S.Ct. 1133, 1142, 99 L.Ed.2d 296 (1988). In accordance with our continuing responsibility to make an independent determination of appellate jurisdiction, we ordered the parties to brief the issue of appellate jurisdiction in light of Gulfstream.
 
 II.
 
 5
 Commonwealth asserts that we have appellate jurisdiction under 28 U.S.C. Sec. 1291 pursuant to the collateral-order doctrine of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Alternatively, Commonwealth requests that we exercise our discretion either to grant a permissive appeal under 28 U.S.C. Sec. 1292(b) or to treat the attempted appeal as a petition for a writ of mandamus. We examine these arguments in turn.
 
 
 6
 An order staying an action pending arbitration, entered as part of a continuing proceeding for other relief and not resulting in dismissal of the action, is not a "final decision" appealable under 28 U.S.C. Sec. 1291.[2] Rogers v. Schering Corp., 262 F.2d 180 (3d Cir.), cert. denied, 359 U.S. 991, 79 S.Ct. 1121, 3 L.Ed.2d 980 (1959). Commonwealth argues, however, that the stay order is appealable under the collateral-order doctrine of Cohen v. Beneficial Industrial Loan Corp. which allows an appeal from certain orders that finally determine claimed rights which are not ingredients of the cause of action and do not require consideration with it. 337 U.S. at 546-547, 69 S.Ct. at 1225-1226. In order to satisfy the collateral-order exception an order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment. Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978).
 
 
 7
 Commonwealth relies on analogy to the facts in Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), where a stay of federal litigation in favor of a parallel state court action was held to be appealable as a final order under Sec. 1291 and also under the collateral-order doctrine. In Moses Cone, however, there was only one issue in both the state and federal actions--arbitrability. Because the state court decision would be res judicata as to the question, there would be no further litigation in federal court. Therefore the stay also amounted to a dismissal. The order in Moses H. Cone met the Cohen criterion of "effective unreviewability except by immediate appeal" because the state court decision would finally determine the merits of the underlying dispute.
 
 
 8
 The requirement of effective unreviewability is unsatisfied by the order appealed here, however, because review of that order and the dispute resolved by it, i.e., the validity of the arbitration clause, will be available upon appeal from the final judgment after arbitration and the district court proceedings are concluded. See Rogers v. Schering Corp., 262 F.2d at 182. We find that we lack appellate jurisdiction under the language of Sec. 1291 or under the collateral order doctrine.
 
 III.
 
 9
 Commonwealth urges us to grant a permissive appeal to 28 U.S.C. Sec. 1292(b),[3] asserting that we have the power to hear such an appeal even in the absence of certification by the district court. This argument is contrary to the clear statutory language of Sec. 1292(b) and we reject it. Absent a certification order by the district court, we do not have authority to hear a question pursuant to Sec. 1292(b).[4]
 
 
 10
 We recognize that interlocutory review of challenges to the validity of arbitration clauses would always have the potential to "materially advance the ultimate termination of the litigation" in accordance with Sec. 1292(b) by eliminating the time required to obtain what may be an unenforceable arbitration award. However Congress' clear intent in the Arbitration Act was "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." Moses H. Cohen, 460 U.S. at 22, 103 S.Ct. at 940. The statutory policy is that of rapid and unobstructed enforcement of arbitration agreements. Id. at 23, 103 S.Ct. at 941. Routine interlocutory appellate consideration of stays pending arbitration would frustrate both that policy and the long-standing federal policy against piecemeal review.
 
 IV.
 
 11
 Finally, we decline to treat Commonwealth's notice of appeal as a petition for mandamus. The Supreme Court repeatedly has observed that mandamus is an "extraordinary remedy, to be reserved for extraordinary situations." Gulfstream, 108 S.Ct. 1133 at 1143. "[T]he party seeking mandamus has the burden of showing that its right to issuance of the writ is clear and indisputable." Id.
 
 
 12
 "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket...." Landis v. North American Co., 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936). The decision to stay litigation even among non-arbitrating parties pending the outcome of a related arbitration is one left to the discretion of the district court. Moses H. Cone, 460 U.S. at 20 n. 23, 103 S.Ct. at 939 n. 23. Therefore, Commonwealth cannot show an indisputable right to proceed.
 
 
 13
 Commonwealth argues that it is entitled to a writ of mandamus because the district court abused its discretion and applied an incorrect legal standard in ordering the stay of the action against the non-arbitrating defendants. Commonwealth asserts that under Landis the district court was required to make findings as to potential damage to Commonwealth before issuing the stay order. In Landis one legal action was stayed in favor of another which would settle issues of fact and law defining the rights of litigants in the stayed action who were not parties to the on-going proceeding. Those objecting to the stay in Landis were parties whose rights would be determined by litigation to which they were strangers. The considerations counseling moderation in Landis do not apply in this case where the stay is to await arbitration and the party objecting to the stay is also a party to the arbitration.
 
 
 14
 In accordance with the foregoing, we find that we are without appellate jurisdiction and circumstances do not warrant allowance of a discretionary appeal or issuance of a writ of mandamus. Therefore we will dismiss the appeal.
 
 
 
 [1]
 Section 1292(a)(1) provides:
 [T]he courts of appeals shall have jurisdiction of appeals from: (1) Interlocutory orders of the district courts of the United States ... or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court.
 
 
 [2]
 Section 1291 provides in relevant part:
 The courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States ... except where a direct review may be had in the Supreme Court.
 
 
 [3]
 Section 1292(b) provides as follows:
 When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order....
 
 
 [4]
 Appellant miscites Gillespie v. United States Steel Corp., 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964), as authority for its contention. In Gillespie, the statutory authority for the court's jurisdiction was, in fact, 28 U.S.C. Sec. 1291