Dorothy ZOSKY, Appellant,

v.

Daniel BOYER and Boenning
and Scattergood.

No. 87–1782.

United States Court of Appeals,
Third Circuit.

Argued May 31, 1988.

Decided Sept. 8, 1988.

Rehearing and Rehearing In Banc
Denied Sept. 30, 1988.

Richard J. Orloski (argued), Orloski & Hinga, Allentown, Pa., for appellant.

Jean C. Hemphill (argued), Monteverde, Hemphill, Maschmeyer & Obert, Philadelphia, Pa., for appellees.

Before SEITZ, SLOVITER, and HUTCHINSON, Circuit Judges.

OPINION OF THE COURT

SLOVITER, Circuit Judge.

This appeal from a magistrate's order compelling the parties to arbitrate their securities dispute presents us with an important question of appellate jurisdiction.

I.

*Facts*

A brief account of the underlying events suffices for purposes of this appeal. Dorothy Zosky, an investor complaining of certain unsuccessful investments, filed this suit against Boenning and Scattergood, a regional securities brokerage firm which is a member of the National Association of Securities Dealers, and Daniel Boyer III, a registered broker employed by Boenning, alleging violations of the Securities Act of 1933, the Securities Exchange Act of 1934, and common law negligence. The defendants' answer asserted, *inter alia*, that plaintiff's claim was subject to an arbitration agreement and that plaintiff must be compelled to proceed in that manner.[1] Zo-

---

**1.** One of the terms of the Customer Agreement signed by Zosky on April 4, 1983 provides:

Except as may otherwise be provided by law, it is agreed that any controversy between us arising out of your business or this agreement, shall be submitted to arbitration conducted under the rules then obtaining of either the Philadelphia Stock Exchange or pursuant to the Code of Arbitration Procedure of the National Association of Securities, Dealers, Inc., as the undersigned may elect. Arbi-

tration must be commenced by service upon the other of a written demand for arbitration or a written notice of intention to arbitrate, therein electing the arbitration tribunal. In the event the undersigned does not make such designation within five (5) days of such demand or notice, then the undersigned authorizes you to do so on behalf of the undersigned. Any arbitration hereunder shall be before at least three arbitrators, and the award of the arbitrators, or a majority of

sky refused defendants' request that the dispute be submitted to arbitration. As defendants' counsel subsequently explained, she did not file a motion to enforce arbitration at that time in view of the status of the law in the Third Circuit on the subject of the arbitrability of investor securities fraud complaints.[2]

Following a period of discovery,[3] the parties agreed that the matter could be referred to a magistrate for trial. Thereafter, the Supreme Court issued its opinion in *Shearson/American Express, Inc. v. McMahon,* — U.S. —, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987), holding that agreements to arbitrate disputes under the Securities Exchange Act are judicially enforceable. Because this court's contrary authority was no longer viable, *see Jacobson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 797 F.2d 1197 (3d Cir.1986), *vacated,* — U.S. — 107 S.Ct. 3204, 96 L.Ed.2d 691 (1987), defendants then filed a motion to compel arbitration. Although the magistrate originally denied the motion and defendants filed a notice of appeal, the magistrate allowed further argument and briefing. After defendants withdrew their pending appeal at his invitation, he entered the order granting defendants' motion to compel arbitration.

Zosky appeals, contending that the law of the case doctrine renders improper the magistrate's reversal of his original order after defendants had taken and subsequently withdrawn their appeal; that defendants waived their right to arbitrate; that the arbitration clause in the Customer Agreement did not constitute a binding contract; that the arbitration agreement did not cover the dispute with Boyer; and that one of the relevant trades was not transacted through the customer account

and was, therefore, not subject to the arbitration agreement.

## II.

### *Discussion*

We cannot reach the merits of this appeal unless we are satisfied of this court's jurisdiction, an issue we are obliged to consider *sua sponte.* The parties in their briefs asserted our jurisdiction under 28 U.S.C. § 1292(a), citing our opinion in *Gavlik Constr. Co. v. H.F. Campbell Co.,* 526 F.2d 777 (3d Cir.1975), which in turn relied on, *inter alia,* the *Enelow–Ettleson* doctrine. *See Gavlik,* 526 F.2d at 782. At the time the briefs were filed in this court, the *Enelow-Ettleson* doctrine, under which certain orders staying or refusing to stay judicial proceedings were treated as appealable injunctions, was an accepted feature of the law of appellate jurisdiction, *see, e.g., Osterneck v. Merrill Lynch, Pierce, Fenner & Smith,* 841 F.2d 508, 509–10 (3d Cir. 1988), although the doctrine was subject to unconcealed cricitism, *see, e.g., Olson v. Paine Webber, Jackson & Curtis, Inc.,* 806 F.2d 731, 734 (7th Cir.1986) ("doctrine is arbitrary, mischievous, and devoid of contemporary utlity"); *H.C. Lawton, Jr., Inc. v. Truck Drivers, Chauffeurs and Helpers Local Union No. 384,* 755 F.2d 324, 327 n. 2 (3d Cir.1985) ("rule ... lack[s] a rational basis").

Before this matter was argued, however, the Supreme Court handed down its opinion in *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* — U.S. —, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988), which held that a district court order denying a motion to stay or dismiss an action when a similar suit is pending in state court is not immediately appeable, and which expressly repudiated the *Enelow–Ettleson* doctrine as "de-

---

them, shall be final. Judgment upon the award rendered may be entered in any court, state or federal, having jurisdiction. App. at 32.

**2.** We note that defendants' counsel accurately described the status of this court's then prevailing precedent. *See, e.g., Ayres v. Merrill Lynch, Pierce, Fenner & Smith,* 538 F.2d 532, 536–37 (3d Cir.), *cert. denied,* 429 U.S. 1010, 97 S.Ct. 542, 50 L.Ed.2d 619 (1976).

**3.** Pursuant to the local rules of the Eastern District of Pennsylvania, the action was submitted to a court-appointed arbitration panel, which entered an award for defendants on October 24, 1986. As permitted by those rules, Zosky filed a demand for jury trial *de novo.* E.D.Pa. Local Rule 8; *see generally* Broderick, *Compulsory Arbitration: One Better Way,* 69 A.B.A.J. 64 (1983).

ficient in utility and sense." *Id.* at 1140. We then requested the parties to brief and argue the appealability issue. Our review reveals a somewhat inconsistent pattern in this court's treatment of the issue of appealability of arbitration orders.

### A.
*Arbitration Orders and Appealability: Prior Treatment*

The Federal Arbitration Act (the Act), 9 U.S.C. §§ 3–4, which was enacted in 1925 to eliminate the judicial rule that arbitration agreements were unenforceable in courts of admiralty and equity, *see The Anaconda v. American Sugar Refining Co.*, 322 U.S. 42, 44, 64 S.Ct. 863, 864–65, 88 L.Ed. 1117 (1944), provides two principal enforcement routes for arbitration agreements in "contracts evidencing a transaction involving commerce," 9 U.S.C. § 2 (1982). Under section 3, an arbitration agreement may be passively enforced in an ongoing proceeding by motion for a stay pending arbitration. This section "obviously envisages action in a court on a cause of action and does not oust the court's jurisdiction of the action, though the parties have agreed to arbitrate." *The Anaconda*, 322 U.S. at 44, 64 S.Ct. at 865. Under section 4, a party may bring an action whose sole purpose is to compel arbitration. "Provision is made for framing an issue and trying it as to whether the parties are bound to arbitrate and the entry of an order accordingly." *Id.* at 45, 64 S.Ct. at 865.[4]

As has been recently explained, a section 4 motion to compel arbitration has often been filed in an ongoing proceeding, *see Hartford Financial Systems, Inc. v. Florida Software Services, Inc.*, 712 F.2d 724, 728 (1st Cir.1983), thereby blurring the distinction established by the Arbitration Act between orders under section 3 staying ongoing proceedings and orders in independent proceedings to compel arbitration under section 4. However, it makes no prac-

tical difference whether the court enters an order in an ongoing suit compelling arbitration or merely stays its own proceedings. In either event, arbitration is the *sine qua non* before proceeding. Indeed, the Supreme Court long ago suggested that "power to grant a stay is enough without the power to order that the arbitration proceed, for, if a stay be granted, the plaintiff can never get relief unless he proceeds to arbitration." *The Anaconda*, 322 U.S. at 45, 64 S.Ct. at 865; *accord Hartford Financial Systems*, 712 F.2d at 728–29; *see Metropolitan World Tanker Corp. v. P.N. Pertambangan Minjakdan Gas Bumi Nasional*, 427 F.Supp. 2, 4 (S.D.N.Y. 1975) (section 3 stay "clearly a remedy intended for a defendant who wants to compel plaintiff to arbitration"). Arbitration is also the next sequential step under the other route to compelling arbitration, a separate proceeding under section 4. The principal distinction between orders relating to arbitration in a separate proceeding and in an ongoing proceeding is that in the former there are essentially no proceedings to stay because the order re arbitration resolves the matter at issue.

Various bases were given for appellate jurisdiction over orders which in effect required arbitration. Stays of proceedings pending arbitration were early held to be interlocutory and hence appealable, if at all, under *Enelow–Ettleson* as injunctions. *See, e.g., Baltimore Contractors, Inc. v. Bodinger*, 348 U.S. 176, 177–85, 75 S.Ct. 249, 250–55, 99 L.Ed. 233 (1955); *Shanferoke Coal & Supply Corp. v. Westchester Service Corp.*, 293 U.S. 449, 451–52, 55 S.Ct. 313, 314–15, 79 L.Ed.2d 583 (1935); *Kirschner v. West Co.*, 300 F.2d 133, 134–36 (3d Cir.1962). Orders compelling arbitration entered in separate proceedings brought for that purpose only, *i.e.,* section 4 proceedings, despite some mixed signals from the Supreme Court, *see, e.g., Schoenamsgruber v. Hamburg American Line*, 294 U.S. 454, 456–57, 55 S.Ct. 475, 476–77, 79 L.Ed. 989 (1935) (characterizing orders

---

**4.** The Act also authorizes parties who have completed arbitration to apply to a district court for entry of the award, 9 U.S.C. § 9, or for its vacation, 9 U.S.C. § 10; *see also* 9 U.S.C. §§ 201–208 (governing recognition and enforcement of foreign arbitral awards and arbitration agreements involving foreign entities).

"direct[ing] the parties to proceed to arbitration, stay[ing] trial of the action pending filing of the award, and retain[ing] jurisdiction" as interlocutory ones "merely stay[ing] action in the court pending arbitration"), came to be treated as final orders appealable under section 1291, *see, e.g., Rogers v. Schering Corp.,* 262 F.2d 180 (3d Cir.), *cert. denied,* 359 U.S. 991, 79 S.Ct. 1121, 3 L.Ed.2d 980 (1959); *Farr & Co. v. Cia. Intercontinental de Navegacion de Cuba, S.A.,* 243 F.2d 342 (2d Cir.1957); *Krauss Bros. Lumber Co. v. Louis Bossert & Sons,* 62 F.2d 1004 (2d Cir.1933).

While *Enelow–Ettleson* endured, the difference was functionally unimportant; no matter whether the order was one staying proceedings or compelling arbitration in an ongoing proceeding or one compelling arbitration in a separate proceeding filed for that purpose, a way was likely to be found for its appeal. Some courts based their analysis of appealability on the nature of the underlying proceedings (*i.e.,* whether the suit was directed only at securing arbitration), *see, e.g., Rogers,* 262 F.2d at 180–82; *see also Formigli Corp. v. Alcar Builders, Inc.,* 329 F.2d 79, 80 (3d Cir. 1964), while others looked only to the order's label (*i.e.,* whether it was styled as an order compelling arbitration or as a stay), *see, e.g., Par–Knit Mills, Inc. v. Stockbridge Fabrics Co.,* 636 F.2d 51, 53 (3d Cir.1980); *Gavlik,* 526 F.2d at 782. *See generally Hartford Financial Systems,* 712 F.2d at 728 (summarizing varying approaches among the circuits). In recent years, this writer and other members of this court assumed such orders were appealable without extended discussion of the form of order or the nature of the proceeding in which it was entered. *See, e.g., Osterneck,* 841 F.2d at 509–10; *Barrowclough v. Kidder, Peabody & Co.,* 752 F.2d 923, 929 (3d Cir.1985); *Goodwin v. Elkins,* 730 F.2d 99, 101 n. 2 (3d Cir.), *cert. denied,* 469 U.S. 831, 105 S.Ct. 118, 83 L.Ed.2d 61 (1984); *Bechtel Corp. v. Local 215 Laborer's Int'l Union,* 544 F.2d 1207, 1210 n. 3A (3d Cir.1976). *Compare Rhone Mediteranee Compagnia v. Lauro,* 712 F.2d 50, 51 (3d Cir.1983) (grant of stay pending arbitration appealable) *with Jacobson v. Merrill Lynch, Pierce, Fenner & Smith,* 797 F.2d 1197, 1199 n. 1 (3d Cir.1986) (citing *Rhone* for proposition that orders compelling arbitration are appealable), *vacated on other grounds,* —— U.S. ——, 107 S.Ct. 3204, 96 L.Ed.2d 691 (1987).

The law of appellate jurisdiction over arbitration orders acquired what one judge described as "Byzantine peculiarities." *New England Power Co. v. Asiatic Petroleum Corp.,* 456 F.2d 183, 189 (1st Cir. 1972). In the wake of *Gulfstream's* abrogation of the *Enelow–Ettleson* doctrine, it will once again be imperative to analyze appealability of orders effecting arbitration under the various sources of appellate jurisdiction.

## B.

### Section 1291

We turn first to the paramount source of our jurisdiction, 28 U.S.C. § 1291. The leading case in this circuit analyzing arbitration orders under section 1291 is *Rogers v. Schering Corp.* where Judge Maris, writing for the in banc court, set forth the rule that an order requiring arbitration is appealable as final under 28 U.S.C. § 1291 "where it is not merely a step in the judicial enforcement of a claim nor auxiliary to the main proceeding but is the full relief sought.... Such cases are to be distinguished from those in which an order for arbitration is made in the course of a continuing suit for other relief." 262 F.2d at 182 (citations omitted); *accord Commonwealth Insurance Co. v. The Underwriters, Inc.,* 846 F.2d 196, 198 (3d Cir. 1988); *see Chatham Shipping Co. v. Fertex Steamship Corp.,* 352 F.2d 291 (2d Cir.1965); *see also Goodall–Sanford, Inc. v. United Textile Workers,* 353 U.S. 550, 77 S.Ct. 920, 1 L.Ed.2d 1031 (1957) (order entered in proceeding to compel arbitration under § 301 of LMRA final under 28 U.S.C. § 1291).

The facts of *Rogers* are illustrative of arbitration orders entered in independent proceedings. Schering, a German-owned company owning valuable patents which

had come under United States control following the outbreak of World War II, had agreed with the United States Attorney General to license the patents to qualified appellants on a non-exclusive basis at a reasonable royalty fixed by negotiation or arbitration. Schering declined to license Hexagon Laboratories on the ground it was not qualified. On Hexagon's application, the district court found Hexagon qualified and ordered Schering to arbitrate the amount of the royalty rate. *Brownell v. Schering Corp.*, 146 F.Supp. 106 (D.N.J. 1956). After the arbitration, Schering brought a separate action under section 9 of the Arbitration Act seeking confirmation of the resulting arbitration award, and Hexagon, dissatisfied with the royalty rate, cross-moved under section 10 for vacation of the award based on a dispute that had arisen concerning the composition of the panel. The district court ruled in favor of Hexagon, vacating the award because one of the arbitrators was disqualified. *Rogers v. Schering Corp.*, 165 F.Supp. 295 (D.N.J. 1958). Schering appealed, and this court denied Hexagon's argument that the order lacked the requisite finality.

In finding appellate jurisdiction, this court recognized that the district court's order "merely opened the way for the continued operation of the prior order directing the parties to negotiate the royalty rate to be inserted in Schering's patent license to Hexagon and if necessary to arbitrate it." 262 F.2d at 182. An award arising out of a new round of arbitration pursuant to that order would not require judicial approval to take effect. "Therefore, unless Schering now has a right to appeal from the order ... it will in all probability never be able to secure an appellate review of that order." *Id.* at 182–83.

The *Rogers* court drew a distinction based on the procedure from which the arbitration order arose. It explained:

the underlying rationale ... is that an order directing arbitration is interlocutory and, therefore, not appealable if it is made in a lawsuit, such as a suit for damages, in which in the normal course

of judicial procedure there will be a later final order or judgment from which an appeal can be taken by a person aggrieved by the prior order to arbitrate. If, however, the order to arbitrate will not in the normal course of procedure be followed by another judicial order which will be required to carry the arbitration award into effect, the order to arbitrate must be regarded as final if the right to review it on appeal is to be given.

262 F.2d at 182; *see also Patten Secs. Corp. v. Diamond Greyhound & Genetics, Inc.*, 819 F.2d 400, 403 (3d Cir.1987) (arbitration order not final where it "clearly contemplates the possibility of further proceedings"); *Formigli*, 329 F.2d at 80 (order staying proceedings and compelling arbitration treated as interlocutory stay order); *Turkish State Rys. Administration v. Vulcan Iron Works*, 230 F.2d 108, 108 (3d Cir.1956) (order denying motion to compel arbitration and stay proceedings "clearly ... interlocutory").

*Rogers'* reliance on the procedural posture of the underlying litigation was supported by the cases which it cited. *Goodall–Sanford*, its principal source of support, held that orders entered in proceedings to compel arbitration pursuant to section 301(a) of the Labor Management Relations Act of 1947 were final and appealable under section 1291. 353 U.S. at 551–52, 77 S.Ct. at 920–21. The *Goodall–Sanford* Court distinguished cases like *Baltimore Contractors* and *Schoenamsgruber*, in which the arbitration order was "ancillary to a main proceeding," because arbitration here was "the full relief sought." 353 U.S. at 551, 77 S.Ct. at 921. Similarly, the commercial arbitration cases *Rogers* cited, *see, e.g., Farr & Co. v. Cia. Intercontinental de Navegacion de Cuba, S.A.*, 243 F.2d 342, 344–45 (2d Cir.1957); *Continental Grain Co. v. Dant & Russell*, 118 F.2d 967, 968 (9th Cir.1941), relied squarely on the fact that arbitration was the sole relief sought in the suit and distinguished *Schoenamsgruber* on that basis. Thus, although we recognize that several circuits have adopted the view that the appealability of

arbitration orders is independent of the nature of the proceedings out of which the order issues, *see, e.g., Cincinnati Gas & Electric v. Benjamin F. Shaw Co.,* 706 F.2d 155, 157–58 (6th Cir.1983); *Seaboard Coast Line Railroad Co. v. Trailer Train Co.,* 690 F.2d 1343, 1344 n. 1 (11th Cir. 1982); *City of Naples v. Prepakt Concrete Co.,* 494 F.2d 511, 512 (5th Cir.), *cert. denied,* 419 U.S. 843, 95 S.Ct. 76, 42 L.Ed.2d 71 (1974); *but see, e.g., Hartford Financial Systems,* 712 F.2d at 728–29 (1st Cir.); *Karavos Compania Naviera S.A. v. Atlantica Export Corp.,* 588 F.2d 1, 7 (2d Cir.1978), we believe that *Rogers* remains the proper interpretation of the law.

This case, in which the defendant in a suit for statutory and common law damages has moved to compel arbitration, would appear to fall clearly within the rule of *Rogers* that orders arising out of a law suit "such as a suit for damages" are interlocutory and not appealable as final orders. Arbitration is not the full relief sought by the plaintiff; indeed, the plaintiff opposes arbitration. The magistrate retains jurisdiction and may be expected in the ordinary course of proceedings to issue the further orders necessary to effectuate the results of arbitration. When a final order is entered in this case, the issue of whether or not the magistrate properly ordered arbitration will be ripe for review. *See, e.g., Commonwealth Insurance Co.,* 846 F.2d at 198; *Langley v. Colonial Leasing Co. of New England,* 707 F.2d 1, 4 (1st Cir. 1983).

Applying *Rogers* to the facts of this case, however, places us in conflict with *Gavlik,* which Zosky relies on to sustain our jurisdiction. In *Gavlik,* two subcontractors sued the general contractor for payment for work done. The contractor invoked the arbitration clause of its agreement, and the

district court stayed its proceedings and required the parties to arbitrate. In considering our appellate jurisdiction, we found jurisdiction over the stay order under the *Enelow–Ettleson* doctrine, and found jurisdiction over the order compelling arbitration by relying on *Rogers* and *Goodall–Sanford.* The language used appeared unambiguously to follow the *Rogers* rule:

> The order compelling commercial arbitration here, like the order compelling labor arbitration in *Goodall–Sanford,* ... represents the "full relief" sought by Campbell. Once the parties are directed to arbitration, judicial involvement in the controversy for all practical purposes ends, as it is the arbitrator who then resolves all matters in dispute. Hence, the arbitration order [in this case] being neither a step in the judicial enforcement of the disputed claims, nor auxiliary to any main proceeding, is a final decision over which we have jurisdiction pursuant to 28 U.S.C. § 1291.

526 F.2d at 782.

However, because the order compelling arbitration in *Gavlik* was entered in an ongoing proceeding, rather than in a separate proceeding, the acceptance of jursidiction was in effect contrary to the rule that this court, sitting in banc, had earlier set forth in *Rogers.*[5]

Although there may, in fact, be very little practical difference in the "normal course of proceedings" between arbitration orders arising out of ongoing cases and arbitration orders arising in a proceeding to compel arbitration, *Rogers,* following the Supreme Court's lead, enunciated a rule under which only the latter are appealable final orders. To the extent that *Gavlik* is inconsistent with prior precedent, it "must

---

**5.** We note, however, that because the stay portion of *Gavlik* was appealable under *Enelow–Ettleson,* the distinction made between the stay and the order compelling arbitration was unnecessary. For example, in *Formigli Corp. v. Alcar Builders, Inc.,* 329 F.2d 79, 80 (3d Cir. 1964), this court, faced with the same situation, treated an order both compelling arbitration

and staying proceedings as an interlocutory stay order. The entire order in *Gavlik* was interlocutory in nature and was entirely appealable at that time under the then prevailing precedent. We could thus regard *Gavlik*'s section 1291 rationale as dictum had it not spawned a following of its own.

be deemed without effect." *O. Hommel Co. v. Ferro Corp.*, 659 F.2d 340, 354 (3d Cir.1981), *cert. denied*, 455 U.S. 1017, 102 S.Ct. 1711, 72 L.Ed.2d 134 (1982). Only the Supreme Court, or this court sitting in banc, may alter this rule.[6]

It may appear anomalous for the appealability of what amounts to the same order to depend on the procedural posture of the case in the district court. As Judge Friendly long ago observed,

> If the slate were clean, a good deal might be said for the position that even though an order directing arbitration seems "final" in the formal sense that it is the last thing the court is then being asked to direct, it should be realistically viewed as an intermediate step in a proceeding that will not result in a truly final decision until an award has been rendered by the arbitrators and an order has been made to enforce it.

*Chatham Shipping v. Fertex S.S. Corp.*, 352 F.2d 291, 294 (2d Cir.1965); *see Stateside Machinery Co., Ltd. v. Alperin*, 526 F.2d 480, 483 (3d Cir.1975). While we share this concern, like Judge Friendly we recognize that the slate is not clean, and note that, at the very least, the rule serves the purpose of preventing piecemeal appeals and minimizes the degree to which appealability depends on the mere form of the order. *See Hartford Financial Systems, Inc. v. Florida Software Services, Inc.*, 712 F.2d 724, 728–29 (1st Cir.1983).

We conclude that the district court's order compelling arbitration in this case is not a final order under section 1291.[7]

### C.
### Other Bases of Jurisdiction

■ After *Gulfstream*, the repudiated *Enelow–Ettleson* doctrine can no longer be used as the basis for appellate jurisdiction under 28 U.S.C. § 1292(a)(1). The Court nonetheless made clear in *Gulfstream* that orders formerly appealable under *Enelow–Ettleson* may be appealable under some other basis. Nothing in its decision, the Court explained,

> will ... prevent interlocutory review of district court orders when such review is truly needed. Section 1292(a)(1) will, of course, continue to provide appellate jurisdiction over orders that ... have the practical effect of granting or denying injunctions and have " 'serious, perhaps irreparable consequence.' " *Carson v. American Brands, Inc.*, 450 U.S. 79, 84, 101 S.Ct. 993, 996, 67 L.Ed.2d 59 (1981).... As for orders that were appealable under § 1292(a)(1) solely by virtue of the *Enelow–Ettleson* doctrine, they may, in appropriate circumstances, be reviewed under the collateral-order doctrine of § 1291, see *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), and the permissive appeal provision of § 1292(b), as well as by application for writ of mandamus.

---

**6.** An examination of this court's cases citing *Gavlik* reveals bases for appellate jurisdiction other than *Gavlik*'s interpretation of section 1291. *See, e.g., Towers, Perrin, Forster & Crosby, Inc. v. Brown*, 732 F.2d 345, 346 (3d Cir.1984) (order compelling arbitration and staying pending state court proceedings appealable final order); *Becker Autoradio v. Becker Autoradiowerk GmbH*, 585 F.2d 39, 42 (3d Cir.1978) (order denying motion to stay proceedings and compel arbitration appealable under *Enelow–Ettleson*); *United Steelworkers of America v. Canron, Inc.*, 580 F.2d 77, 79 n. 4 (3d Cir.1978) (appeal from order in suit to compel arbitration under § 301 of LMRA); *Bechtel Corp. v. Local 215, Laborer's Int'l Union*, 544 F.2d 1207, 1209–10 & n. 3A (order granting stay and compelling arbitration appealable under *Enelow–Ettleson*). *But see Goodwin v. Elkins & Co.*, 730 F.2d 99, 101 n. 2

(3d Cir.), *cert. denied*, 469 U.S. 831, 105 S.Ct. 118, 83 L.Ed.2d 61 (1984) (relying on *Gavlik* in treating an order compelling arbitration arising out of a suit for damages as a final order); *Par-Knit Mills v. Stockbridge Fabrics*, 636 F.2d 51 (3d Cir.1980) (same).

**7.** Judge Hutchinson joins the court's opinion, believing it correctly reasons from the binding authority set forth in this section that orders directing arbitration in actions brought for the very purpose of compelling it are treated differently from orders directing arbitration when an arbitration clause is asserted as a defense in the course of a continuing suit for other relief. He notes, however, that from the standpoint of judicial efficiency there is much to commend Judge Friendly's view that all such orders should be treated as non-final and, hence, not appealable under section 1291.

*Gulfstream,* 108 S.Ct. at 1142–43.[8]

To be appealable under either the collateral-order doctrine or as a virtual injunction, an order must, among other things, be such that review postponed will, in effect, be review denied. *See Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2457–58, 57 L.Ed.2d 351 (1978) ("[collateral] order must ... be effectively unreviewable on appeal from a final judgment"); *Carson v. American Brands, Inc.,* 450 U.S. 79, 84, 101 S.Ct. 993, 996–97, 67 L.Ed.2d 59 (1981) (litigant must show that order appealed from as an injunction not only will have "serious, perhaps irreparable" consequences but also can be "effectually challenged" only if immediately appealed). *See generally Hinton v. Department of Justice,* 844 F.2d 126, 129–31 (3d Cir.1988). Here, as we have explained, the decision in an ongoing lawsuit to either stay proceedings or compel arbitration will be fully reviewable because the parties will have an opportunity to secure a final order from the district court in the pending proceeding. *See, e.g., Commonwealth Insurance Co.,* 846 F.2d at 198; *Hartford Financial Systems,* 712 F.2d at 729; *Stateside Machinery Co. v. Alperin,* 526 F.2d at 483–84 (3d Cir.1979). Indeed in *Ayres v. Merrill Lynch, Pierce, Fenner & Smith,* 538 F.2d 532 & n. 6 (3d Cir.), *cert. denied,* 429 U.S. 1010, 97 S.Ct. 542, 50 L.Ed.2d 619 (1976), after we dismissed an appeal from a stay of proceedings pending arbitration, the case ultimately returned to this court for review from the district court's final order confirming the arbitral decision.

Moreover, no irreparable harm will be done to either party by requiring arbitration without an interlocutory appeal. *See Stateside Machinery Co. v. Alperin,* 526

F.2d 480, 483–84 (3d Cir.1975) ("permitting arbitration to proceed [by denying stay of arbitration] is not likely to have 'serious, perhaps irreparable consequences' because arbitration orders are not self-executing. 9 U.S.C. § 9. If arbitration was improper, presumably the court will not enforce any award."); *accord New England Power,* 456 F.2d at 185.

At worst, the parties will have been subjected to the expense of obtaining an arbitration award that ultimately proves to be unenforceable as wrongly ordered; although this would be unfortunate, the prospect is not so grim as to justify departing from the general rule disfavoring piecemeal appeals. *New England Power,* 456 F.2d at 185; *Stateside Machinery Co.,* 526 F.2d at 484 ("The cost of participating in a proceeding which may ultimately be set aside is not the kind of injury against which § 1292(a)(1) is intended to guard.").

We thus can find no basis for applying section 1292(a)(1) or the collateral order doctrine to an order staying proceedings or compelling the parties in an ongoing lawsuit to arbitrate.[9]

### D.

#### Policy Considerations

Although we are not makers of policy, we cannot avoid consideration of the practical effect of our decision that orders staying proceedings or compelling the parties in an ongoing lawsuit to arbitrate are nonappealable interlocutory orders. Arbitration is an expeditious and inexpensive mode of alternative dispute resolution. Allowing interlocutory appeals of such orders would defeat the attractiveness of arbitration by imposing delay and additional expense.

---

**8.** Zosky suggests, citing *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 510–11, 79 S.Ct. 948, 956–56, 3 L.Ed.2d 988 (1959), that this case is reviewable under a writ of mandamus because the magistrate's order deprives her of her right to trial by jury. Reliance on *Beacon Theatres,* which emphasized the very limited discretion of district judges to foreclose the jury trial of legal issues through the prior determination of equitable ones, is, obviously, misplaced. In addition to the fact that Zosky *agreed* to the resolution of her claim before an arbitrator, the order here does not present the *Beacon Theatres* situa-

tion. *See USM Corp. v. GKN Fasteners, Ltd.,* 574 F.2d 17, 19–20 (1st Cir.1978). Therefore, we decline to exercise our authority to treat this appeal as a petition for a writ of mandamus. *See Gold v. Johns–Manville Sales Corp.,* 723 F.2d 1068, 1074 (3d Cir.1983).

**9.** We do not decide whether an order denying a motion for arbitration is distinguishable for purposes of appealability from an order staying proceedings or compelling arbitration.

*See USM Corp. v. GKN Fasteners, Ltd.,* 574 F.2d 17, 18, 20–21 (1st Cir.1978). Immediate appealability would thus detract from the broad federal policy in favor of arbitration, emphasized repeatedly by the Supreme Court. *See, e.g., Perry v. Thomas,* —— U.S. ——, 107 S.Ct. 2520, 2525, 96 L.Ed.2d 426 (1987); *Shearson,* 107 S.Ct. at 2337–38; *Mitsubishi Motor Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 625, 105 S.Ct. 3346, 3353, 87 L.Ed.2d 444 (1985); *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 217, 105 S.Ct. 1238, 1240–41, 84 L.Ed.2d 158 (1985).

Our holding is also consistent with the Supreme Court's limitation of appealability of interlocutory orders in other contexts. As the Court has stated, permitting wholesale appeals of orders entered in the course of proceedings "would constitute an unjustified waste of scarce judicial resources." *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 378, 101 S.Ct. 669, 675, 66 L.Ed.2d 571 (1981) (order denying motion to disqualify counsel not immediately appealable); *see also Flanagan v. United States,* 465 U.S. 259, 269–70, 104 S.Ct. 1051, 1056–57, 79 L.Ed.2d 288 (1984) (order disqualifying counsel not immediately appealable); *Gardner v. Westinghouse Broadcasting Co.,* 437 U.S. 478, 480–82, 98 S.Ct. 2451, 2453–54, 57 L.Ed.2d 364 (1978) (order denying class certification not immediately appealable); *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 476, 98 S.Ct. 2454, 2462, 57 L.Ed.2d 351 (1978) (same). We are thus satisfied that our holding is supported by important policy concerns about the allocation of judicial business between district courts and the court of appeals.

## CONCLUSION

For the foregoing reasons, the appeal will be dismissed for want of jurisdiction. We consequently do not reach the merits of any issue presented.