**DAVID WEBER CO., INC., d/b/a Weber Display and Packaging Appellant,**

v.

**BOBST GROUP, INC.**

No. 02–2127.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Feb. 4, 2003.

Decided Feb. 4, 2003.

Before SLOVITER, RENDELL and STAPLETON, Circuit Judges.

*OPINION OF THE COURT*

STAPLETON, Circuit Judge.

David Weber Co., Inc. ("Weber"), purchased corrugated paperboard manufacturing equipment from the German subsidiary of Bobst Group, Inc. ("Bobst"). Weber instituted this diversity action against Bobst, stating claims for fraud and negligent misrepresentation. Bobst responded by moving to compel arbitration of Weber's claims and to stay this action pending arbitration. The District Court concluded that the parties had committed in their contract to arbitrate Weber's claims and granted Bobst's motion. This appeal followed. Bobst promptly moved to dismiss for want of jurisdiction.

We will dismiss for lack of appellate jurisdiction. The District Court did not

dismiss the action before it; it entered a "stay ... until arbitration has concluded." Section 16(b) of Title 9 of the United States Code provides that "an appeal may not be taken from an interlocutory order ... granting a stay." This statute is applicable here and means what it says. *Green Tree Financial Corp.-Alabama v. Randolph,* 531 U.S. 79, 87 n. 2, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000); *ATAC Corp. v. Arthur Treacher's, Inc.,* 280 F.3d 1091 (6th Cir.2002). This was the rule in the Third Circuit even before the passage of § 16 in 1988. *Zosky v. Boyer,* 856 F.2d 554 (3d Cir.1988) (rejecting claim that stay for arbitration was a final order under the collateral order doctrine). Because there is no appealable order, we have no jurisdiction to address any of the issues raised, including whether the District Court erred in finding this controversy arbitrable.