953 F.2d 44
 NATIONWIDE INSURANCE COMPANY OF COLUMBUS, OHIO
v.
Marcie PATTERSON.
Marcie PATTERSON, Counter-Claimant,
v.
NATIONWIDE INSURANCE COMPANY OF COLUMBUS, OHIO, Counter-Defendant,
Nationwide Mutual Insurance Company of Columbus, Ohio, Appellant.
 No. 91-1522.
 United States Court of Appeals,
Third Circuit.
 Submitted under Third Circuit Rule 12(6)
 Dec. 12, 1991.
Decided Dec. 23, 1991.
 
 R. Bruce Morrison, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, Pa., for appellant.
 Richard A. Lefchak, Goldman & Goldman, Philadelphia, Pa., for appellee.
 Pennsylvania Trial Lawyers Ass'n, amicus curiae, for appellee.
 Before SLOVITER, Chief Judge, SCIRICA and ROTH, Circuit Judges.
 OPINION OF THE COURT
 SLOVITER, Chief Judge.
 
 
 1
 This appeal by Nationwide Insurance Company of Columbus, Ohio is from the dismissal of its action seeking a declaratory judgment that the insured, appellee Marcie Patterson, was not entitled to benefits under the underinsured coverage of an insurance policy issued by Nationwide. The district court granted Patterson's motion to dismiss under Fed.R.Civ.P. 12(h) on the ground that the parties were obliged to arbitrate the dispute as to whether underinsured coverage is owed to Patterson.
 
 
 2
 It is not disputed that Marcie Patterson was struck and injured by an automobile operated by her husband, Michael Patterson. Both that automobile, which was owned jointly by the Pattersons, and a second automobile, owned by Marcie Patterson, were insured by Nationwide under a single policy. Following the accident, Nationwide paid Marcie Patterson the policy limit of $100,000 under the liability provisions of the policy covering her husband Michael. Marcie Patterson then demanded underinsured motorist benefits, but Nationwide refused to provide these benefits, asserting that the provisions of the insurance policy prevent a person from recovering both liability coverage and underinsured motorist benefits.
 
 
 3
 Nationwide then filed this declaratory judgment action in the United States District Court for the Eastern District of Pennsylvania to establish that under the policy it had no obligation to pay Marcie Patterson underinsured motorist benefits. In her answer, Patterson contended that the provisions relied upon by Nationwide were never properly added to the policy. In a counterclaim, Patterson sought a declaratory judgment that the provisions relied upon by Nationwide violated the Motor Vehicle Financial Responsibility Law, and otherwise were unconscionable and unenforceable as against public policy. After cross motions for summary judgment were denied, Patterson moved to dismiss the action based on the Pennsylvania Supreme Court's recent decision in Brennan v. General Accident Fire & Life Assurance Corp., 524 Pa. 542, 574 A.2d 580 (1990), which gave an expansive interpretation to an arbitration provision similar to the one contained in Nationwide's insurance policy at issue. The district court relied on Brennan and its application in subsequent Pennsylvania cases in holding that the dispute between the parties fell within the arbitration provision in the policy. It therefore granted Patterson's motion to dismiss under Fed.R.Civ.P. 12(h)(3).[1] Our review is plenary.
 
 I.
 
 4
 At the outset, we must determine whether we have jurisdiction over this appeal. Ordinarily, an order granting a motion to dismiss is an appealable final order under 28 U.S.C. § 1291 (1988). See, e.g., Williamson v. Consolidated Rail Corp., 926 F.2d 1344, 1347 (3d Cir.1991); Cost Control Marketing & Management, Inc. v. Pierce, 848 F.2d 47, 48 (3d Cir.1988) (per curiam). Nonetheless, Patterson argues that this court lacks appellate jurisdiction because the practical effect of the district court's order is that the parties will now submit their dispute to arbitration. She relies primarily on this court's decision in Zosky v. Boyer, 856 F.2d 554 (3d Cir.1988), cert. denied, 488 U.S. 1042, 109 S.Ct. 868, 102 L.Ed.2d 992 (1989), in which we held that an order compelling arbitration entered in an ongoing proceeding to obtain relief for violation of the securities laws was not final under section 1291.
 
 
 5
 In Zosky, we noted that it "may appear anomalous for the appealability of what amounts to the same order to depend on the procedural posture of the case in the district court." Id. 856 F.2d at 560. Nonetheless, we reaffirmed our precedent that "an order requiring arbitration is appealable as final ... 'where it is not merely a step in the judicial enforcement of a claim nor auxiliary to the main proceeding but is the full relief sought.... Such cases are to be distinguished from those in which an order for arbitration is made in the course of a continuing suit for other relief.' " Id. at 557 (quoting Rogers v. Schering Corp., 262 F.2d 180, 182 (3d Cir.), cert. denied, 359 U.S. 991, 79 S.Ct. 1121, 3 L.Ed.2d 980 (1959)). Here, although the result of the district court's order is that the parties will arbitrate their dispute, the district court's dismissal of Nationwide's action plainly signifies that this arbitration is not a part of any ongoing proceeding. Therefore, we hold that we have appellate jurisdiction in this case from a final order pursuant to 28 U.S.C. § 1291 (1988).
 
 II.
 
 6
 Turning to the merits, we begin by noting that state law governs the substantive liability of the parties. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The parties agree that Pennsylvania law applies. Under Pennsylvania law, the determination of whether an issue must be submitted to arbitration depends on two factors: (1) whether the parties entered into an agreement to arbitrate, and (2) whether the dispute falls within the scope of that agreement. Rocca v. Pennsylvania General Ins. Co., 358 Pa.Super. 67, 516 A.2d 772, 772-73 (1986), appeal denied, 517 Pa. 594, 535 A.2d 83 (1987).
 
 
 7
 The only question disputed here is whether the coverage issues raised by the parties' dispute fall within the terms of the arbitration provision. The arbitration provision states that if the insurance company and the insured "do not agree about the insured's right to recover damages or the amount of damages," the dispute will be submitted to arbitration. App. at 53. Nationwide asserts that under Pennsylvania law, it is entitled to have a court decide whether Patterson has underinsured motorist coverage under the terms of the policy. Nationwide argues that the disposition of this appeal is controlled by our decision in Myers v. State Farm Ins. Co., 842 F.2d 705 (3d Cir.1988). In Myers, as here, the dispute concerned the obligation of an insurance company which, having paid a claim on liability coverage, declined to pay the claimant's further claim for underinsured benefits under the same policy. The arbitration clause was similar to the one at issue here, but we rejected the claimant's position that it mandated arbitration of this type of dispute. We held instead that the clause only applied to disagreements concerning fault and amount, not disputes over the extent of coverage. Id. at 707.
 
 
 8
 Ordinarily, a panel of this court is bound to follow the holdings of published opinions of prior panels of this court unless overruled by the court in banc or the holding is undermined by a subsequent Supreme Court case. See Third Circuit Internal Operating Procedure 9.1. However, when we are applying state law we are, of course, free to reexamine the validity of our state law interpretation based on subsequent decisions of the state supreme court. This is such an instance because the Pennsylvania Supreme Court issued its decision in Brennan after our opinion in Myers.
 
 
 9
 In Brennan, the Court reviewed an automobile insurance arbitration provision nearly identical to the provision involved here.[2] The insurance company sought to set off against the underinsured motorist claim of its insureds the amount they received from the liability insurance from another carrier. After an arbitration panel ruled in favor of the insureds, the insurer claimed that issues pertaining to coverage were outside the arbitrators' authority. The Pennsylvania Supreme Court upheld the arbitrators' decision, holding that the arbitration provision in the policy contained no language precluding the arbitrators from reaching questions of coverage.
 
 
 10
 Relying on the rule that any ambiguities in the policy must be resolved against the insurance company because it drafted the agreement, the Court held that the policy mandated arbitration "whenever the insured and the insurer disagree as to when a party is legally entitled to recover damages." 574 A.2d at 583. The Court continued:
 
 
 11
 There is no limit to the jurisdiction of the arbitrators over what issues may be submitted and in fact the policy declares that all disputes between the insurance company and the insured will be arbitrated. The instant dispute, in its broadest sense, involves a disagreement as to the amount of damages which Appellant would and could possibly receive under the policy.
 
 
 12
 Id.
 
 
 13
 Following the decision in Brennan, the vast majority of district court decisions applying Pennsylvania law have held that questions concerning the extent of coverage under an insurance policy are within the scope of an arbitration clause unless there is language in the clause that explicitly excludes coverage issues from the scope of arbitration. See, e.g., John Hancock Property & Casualty Ins. Cos. v. Klein, No. 91-1324, 1991 WL 153076, 1991 U.S.Dist. LEXIS 11032 (E.D.Pa. August 6, 1991) (question whether insured was entitled to uninsured motorist coverage was within scope of arbitration clause where clause contained no express language of limitation); State Farm Mutual Auto. Ins. Co. v. Worrell, No. 91-1953, 1991 WL 133644, at * 2, 1991 U.S.Dist. LEXIS 9790, at * 6 (E.D.Pa. July 17, 1991) (same; court noting that "since the Pennsylvania Supreme Court decided Brennan, [courts] have consistently dismissed like declaratory judgment actions in deference to arbitration"); Sun Ins. Office, Ltd. v. Neff, No. 90-2395, 1991 WL 22279, 1991 U.S.Dist. LEXIS 1925 (E.D.Pa. February 19, 1991) (dismissing declaratory judgment action brought by insurer because Pennsylvania law mandated that arbitration clause be interpreted as including coverage issues involving stacking of policies, availability of uninsured motorist benefits to guest passengers, and existence of excess uninsured motorist coverage), aff'd mem., 944 F.2d 898 (3d Cir.1991); Aetna Casualty & Surety Co. v. Hameen, 758 F.Supp. 1049, 1051 (E.D.Pa.1990) (extent of uninsured motorist coverage provided under policy was within scope of arbitration agreement because insurer failed to exclude questions of coverage from arbitration provision). But see, Emcasco Ins. Co. v. Nasuti, No. 90-3424, 1990 WL 168014, 1990 U.S.Dist. LEXIS 14496 (E.D.Pa. October 31, 1990) (question whether insured had underinsured motorist coverage was for court and not arbitrator to decide based on this court's decision in Myers; Brennan distinguished as having decided only the question of whether an arbitration panel exceeded its authority in determining questions not explicitly made arbitrable under policy).
 
 
 14
 We do not discount the distinction drawn in Emcasco. The task, however, when we sit in diversity is to seek to eliminate inconsistency between the federal and state courts in the application of state substantive law. Even if we were free to limit Brennan to its particular fact situation based on our view of the appropriate division between the court and an arbitrator, it is significant that the Pennsylvania Superior Court has interpreted Brennan broadly. In several cases decided after Brennan it held that questions involving the existence and extent of insurance coverage were within the scope of arbitration clauses similar to the clause present here. See Baverso v. State Farm Ins. Co., 595 A.2d 176 (Pa.Super.1991) (question whether son was entitled to underinsured motorist benefits on policy held by his mother within scope of arbitration clause); Erie Ins. Exchange v. Mason, 594 A.2d 741 (Pa.Super.1991) (declaratory judgment action brought by insurer dismissed because question whether decedent's estate could recover underinsured motorist benefits on policy held by decedent's stepfather was within scope of arbitration clause); Lamar v. Colonial Penn Ins. Co., 396 Pa.Super. 527, 578 A.2d 1337 (1990) (question whether coverage limits should be increased because insurance company failed to provide sufficient information to insured deemed to be within scope of arbitration clause).
 
 
 15
 Particularly instructive is Nationwide Mutual Ins. Co. v. Pitts, 400 Pa.Super. 269, 583 A.2d 489 (1990), in which the court had occasion to consider the identical arbitration provision at issue here. In Pitts, the insured accepted the full amount under her driver's bodily injury liability insurance coverage, and then made a claim against Nationwide for underinsured motorist benefits. After the parties were unable to resolve their dispute, Nationwide instituted a state declaratory judgment proceeding seeking a determination that the insurance contract did not entitle the insured to underinsured motorist benefits for her injuries. The Pennsylvania Superior Court held that under the precedent of Brennan, Nationwide must proceed to arbitration because "[g]iven the scope of the arbitration provision, the arbitrators appointed pursuant to the policy terms clearly have the jurisdiction to consider the issues raised by the plaintiff insurer in its declaratory judgment action." Id. 583 A.2d at 491. It is noteworthy that in Pitts the state trial court had declined to require arbitration, relying on 1987 and 1982 Pennsylvania appellate decisions. In reversing, the Pennsylvania Superior Court noted that the trial court did not have the benefit of the Brennan decision.
 
 
 16
 Nationwide fails to distinguish or even cite Baverso, Mason, Lamar or Pitts. It argues that it never agreed to submit to arbitration the issue whether particular clauses of the policy are contrary to law or public policy, and that it is entitled to have the legality of its contract language decided by the courts. That argument must be rejected in light of the more recent Pennsylvania cases, particularly Brennan, which undermine our decision in Myers.
 
 
 17
 Nationwide relies on two lines of Pennsylvania cases: one involving instances in which the claimant, as distinguished from the insurer, is seeking a judicial forum to argue that the provisions of an insurance policy are contrary to law or public policy, see Daley-Sand v. West American Ins. Co., 387 Pa.Super. 630, 564 A.2d 965, 969 (1989), and the other involving cases that concern judicial review of an arbitration award challenged on legal and public policy grounds, see Azpell v. Old Republic Ins. Co., 526 Pa. 179, 584 A.2d 950, 952 (1991); Davis v. Government Employees Ins. Co., 500 Pa. 84, 454 A.2d 973 (1982); Webb v. United Services Auto. Ass'n, 227 Pa.Super. 508, 323 A.2d 737 (1974).
 
 
 18
 We note that Daley-Sand preceded Brennan. In any event, Nationwide, the party that drafted the insurance contract in issue, did not initiate this action for a declaratory judgment on the claim that provisions of its policy are against public policy. See Erie Ins. Exchange, 594 A.2d at 742. Although Patterson filed a counterclaim seeking a declaratory judgment on that ground, she no longer takes that position and seeks to have her dispute resolved through arbitration. We need not and do not decide whether the claimant could have sought a judicial forum in the first instance for her public policy arguments. When the claimant seeks to have a dispute arbitrated that is within the scope of an arbitration agreement, she may proceed through arbitration notwithstanding the fact that her arguments are based in part on legal and public policy challenges to other provisions in the agreement. See Sun Ins. Office, Ltd. v. Neff, No. 90-2395, 1991 WL 22279, at * 5, 1991 U.S.Dist. LEXIS 1925, at * 14 (E.D.Pa. February 19, 1991); Nationwide Mutual Ins. Co., 583 A.2d at 491.
 
 
 19
 In any event, Patterson's defense to Nationwide's suit was not based solely on legislative requirements and public policy; she also contends that the contract language relied upon by Nationwide to deny her underinsured motorist benefits was not validly made a part of her insurance contract. Insofar as this argument directly concerns whether she has a right to recover benefits under the insurance policy, and the policy mandates arbitration whenever the parties "do not agree about the insured's right to recover damages or the amount of damages" without any language of limitation, App. at 53, she may proceed to have the dispute resolved through arbitration. We also do not decide any issues about Nationwide's right to challenge an arbitration award on legal grounds after the award has been issued.
 
 
 20
 In sum, under the current state of Pennsylvania law, the arbitration provision at issue here includes the dispute over whether Patterson is entitled to underinsured motorist coverage under her insurance contract with Nationwide. We reach this conclusion based on the Pennsylvania Supreme Court's decision in Brennan which, in interpreting an arbitration clause very similar to the one here, stated "[a] review of the language of the arbitration clause reveals that arbitration is mandated whenever the insured and the insurer disagree as to when a party is legally entitled to recover damages." 574 A.2d at 583. For the reasons set forth, we will affirm the order of the district court.
 
 
 
 [1]
 It appears that the district court misspoke in referring to Rule 12(h)(3), which mandates dismissal of actions where there is no subject matter jurisdiction. There was undoubtedly subject matter jurisdiction based on diversity of citizenship and an amount in controversy greater than $50,000. 28 U.S.C. § 1332 (1988). Dismissal of a declaratory judgment action because the dispute is covered by an arbitration provision is generally effected under Rule 12(b)(6) covering dismissals for failure to state a claim upon which relief can be granted, see, e.g., Aetna Casualty & Surety Co. v. Hameen, 758 F.Supp. 1049 (E.D.Pa.1990), or Rule 56 covering summary judgments if matters beyond the pleadings were considered, see State Farm Mutual Auto. Ins. Co. v. Worrell, No. 91-1953, 1991 WL 133644, 1991 U.S.Dist. LEXIS 9790 (E.D.Pa. July 17, 1991). However, for our purposes, the distinction is immaterial in this case. See Boyle v. Governor's Veterans Outreach & Assistance Center, 925 F.2d 71 (3d Cir.1991) (considering validity of dismissal under summary judgment standard notwithstanding the district court's procedural error in relying on Rule 12(b)(1) for lack of subject matter jurisdiction)
 
 
 [2]
 The arbitration provision at issue in Brennan provided: "If we and the covered person disagree whether that person is legally entitled to recover damages from the owners or operator of an underinsured motor vehicle, or do not agree as to the amount of damages, either party may make a written demand for arbitration." 574 A.2d at 582