**LIBERTY MUTUAL INSURANCE COMPANY, Plaintiff,**

v.

**Wesley VENTIMIGLIA, Rose Ventimiglia, and Jasmine Marin, Defendants.**

**No. 3:00–CV–0031.**

United States District Court, M.D. Pennsylvania.

March 23, 2000.

Timothy E. Foley, Foley, Cognetti & Cowley, Scranton, Pa, Daniel E. Cummins, Scranton, PA, for Liberty Mutual Insurance Company, plaintiff.

Matthew P. Barrett, O'Malley & Harris, Scranton, PA, for Wesley Ventimiglia, defendant.

*MEMORANDUM*

MUNLEY, District Judge.

Before the court for disposition is the defendants' motion for stay of action pending arbitration. The plaintiff is Liberty Mutual Insurance Company, and the defendants are Wesley Ventimiglia, Rose Ventimiglia, and Jasmine Marin. The parties have briefed their respective positions, and the matter is thus ripe for disposition. For the following reasons, we shall dismiss this case.

**Background**

Prior to December 3, 1998, plaintiff issued an automobile insurance policy to Defendants Wesley and Rose Ventimiglia. The policy included uninsured motorist liability amounts of $50,000.00 each person and $100,000.00 each accident. The policy covered Defendant Jasmine Marin as she was a resident relative (daughter) of Defendant Rose Ventimiglia.

On December 3, 1998, Jasmine Marin was allegedly abducted at gun point after exiting the school bus and forced into the abductor's automobile. She finally escaped by jumping out of the vehicle after being driven around for a while. During the escape, she suffered injuries. Defendant Marin filed an uninsured motorist claim under the Ventimiglia's automobile insurance policy with the plaintiff, to recover for her injuries. Plaintiff refused to provide benefits for the injuries.

Defendants sought arbitration of the matter, and filed a petition for appointment of an arbitrator in the Court of Common Pleas of Monroe County on January 3, 2000. The Monroe County Court ordered Liberty Mutual to respond to the petition within twenty days.

On January 6, 2000, Liberty Mutual filed the instant declaratory judgment complaint by which it seeks to have this court find that it is not obligated to pay uninsured motorists benefits to Defendant Marin. The defendants then filed the instant motion to stay action pending arbi-

tration. While the defendants have not filed a motion to dismiss, we will treat their motion as such because declaratory judgment actions may be dismissed under Fed.R.Civ.Pro. 12(b)(6) where the dispute is covered by an arbitration agreement. *Nationwide Ins. Co. of Columbus, Ohio v. Patterson,* 953 F.2d 44, 45, n. 1 (3d Cir. 1991).

■ The defendants contend that pursuant to the arbitration clause of the insurance policy at issue, the matter should be decided through the arbitration process. The plaintiff disagrees and contends that the matter should be decided before the United States District Court. After a careful review, we are in agreement with the defendants.

The insurance policy at issue provides as follows:

### *ARBITRATION*

A.  If we [plaintiff] and an "insured" do not agree:

1.  Whether that "insured" is legally entitled to recover damages;  or

2.  As to the amount of damages which are recoverable by that "insured;"

From the owner or operator of a "uninsured motor vehicle" then the matter may be arbitrated.

Either party may make a written demand for arbitration.  Arbitration shall be conducted in accordance with the provisions of the Pennsylvania Uniform Arbitration Act. Each party will select an arbitrator.  The two arbitrators will select a third.  If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

Arbitration shall not, however, be a means of settlement should the dispute involve:

1.  any form of inter- or intra-policy stacking, or

2.  selection of a coverage option, or a waiver of such coverage, or

3.  determination of residency in defining who is or is not an insured under this coverage, or

4.  Statutes of limitations, or

5.  Determination of whether a claimant is an insured under these coverages.

B.  Each party will:

1.  Pay the expense it incurs;  and

2.  Bear the expense of the third arbitrator equally.

Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives.  Local rules of law as to procedure and evidence will apply.  A decision agreed to by two of the arbitrators will be binding.

Complaint Exhibit A

State law governs the substantive liabilities of the parties.  *Nationwide Ins. Co. of Columbus, Ohio v. Patterson,* 953 F.2d 44, 46 (3d Cir.1991) (citing *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). "Under Pennsylvania law, the determination of whether an issue must be submitted to arbitration depends on two factors: (1) whether the parties entered into an agreement to arbitrate, and (2) whether the dispute falls within the scope of that agreement." *Id.* at 46. The question presented in the instant case is whether the dispute falls within the scope of the agreement. Any ambiguities in the policy must be resolved against the insurance company. *Brennan v. General Accident Fire & Life Assurance, Corp.,* 524 Pa. 542, 574 A.2d 580 (1990).

Plaintiff claims that the coverage issue presented by this case, that is, whether Defendant Marin is entitled to uninsured motorist benefits where she intentionally jumped out of a vehicle to escape an abductor, does not fall within the above-quoted arbitration clause.  In its brief, the plaintiff proceeds to argue the merits of whether Defendant Marin's injuries are covered by the policy.  This issue, of whether the insured defendant is entitled to recover damages, however, is exactly the type of matter which is discussed in

the arbitration clause. Arbitration may be utilized where the issue is whether the insured is entitled to recover damages. That is precisely the issue of this case. Plaintiff has raised no contentions as to why this matter would not be covered by the arbitration clause.

In a similar case, the Third Circuit Court of Appeals has explained that "... the vast majority of district court decisions applying Pennsylvania law have held that questions concerning the extent of coverage under an insurance policy are within the scope of an arbitration clause unless there is language in the clause that explicitly excludes coverage issues from the scope of arbitration." *Nationwide,* 953 F.2d at 47. In that case, and in *Brennan, supra,* the language in the arbitration clauses was quite similar to that in the instant case as it allowed for arbitration whenever the insured and insurer disagreed as to when a party was legally entitled to recover damages.[1] A review of the explicit arbitration exclusions as set forth in the policy, reveals that the instant matter is not excluded from arbitration. As the matter falls within the arbitration clause, we will dismiss the plaintiff's declaratory judgment action to allow the parties to proceed under the appropriate arbitration procedures. An appropriate order follows.

[1]. The arbitration clause in *Brennan* provided: "If we and the covered person disagree whether that person is legally entitled to recover damages from the owners or operator of an underinsured motor vehicle, or do not agree as to the amount of damages, either party may make a written demand for arbitration." *Brennan,* 574 A.2d at 582. The clause at issue in *Nationwide* provided for arbitration where the insurance company and the insured "do not agree about the insured's right to recover damages or the amount of damages." *Nationwide,* 953 F.2d at 46.