**STATE FARM MUTUAL AUTOMO-BILE INSURANCE COMPA-NY, Plaintiff,**

v.

**Richard WALKO and Sharon Walko, Defendants.**

**No. 3:00 CV 0023.**

United States District Court, M.D. Pennsylvania.

July 6, 2000.

Teresa Ficken Sachs, Britt, Hankins, Schaible & Moughan, Philadelphia, PA, for State Farm Mutual Automobile Insurance Company, plaintiff.

Brian C. Corcoran, Kingston, PA, for Richard Walko, Sharon Walko, defendants.

## *MEMORANDUM*

MUNLEY, District Judge.

Before the court for disposition is the report and recommendation of Magistrate Judge Raymond J. Durkin which recommends that the defendants' motion to dismiss be denied. The defendants, Richard Walko and Sharon Walko, have filed objections to the report and recommendation. The matter has been fully briefed and is thus ripe for disposition. For the reasons that follow, the objections will be sustained, and the motion to dismiss will be granted.

## Background

Defendant Sharon Walko was involved in an automobile accident on June 17, 1997. At the time of the accident, she was driving a motor vehicle owned by her husband, Defendant Richard Walko. The vehicle was insured through Plaintiff State Farm Mutual Automobile Insurance Company. Two other vehicles owned by Richard Walko were also insured with the Plaintiff. Plaintiff alleges that each policy provided for stacking underinsured motorist coverage in the amount of $15,000.00 per person and $30,000 per occurrence. Plaintiff has paid the Walkos $45,000 in underinsured motorist coverage, which it alleges is the total owed under the three policies (that is $15,000 for each of the three vehicles). Defendants claim that they are actually entitled to a total of $150,000 and are thus still owed $105,000 from the plaintiff. The defendants requested arbitration under their insurance policy to adjudicate the claim. Plaintiff, however, filed the instant declaratory judgment action wherein it seeks to have the court declare that State Farm is not obligated to provide additional underinsured motorist coverage to the defendants for the June 17, 1997 accident. In addition, the plaintiff filed a motion to stay arbitration which was granted by Magistrate Judge Durkin.

Defendants subsequently filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) asserting that this court lacks subject matter jurisdiction.[1] The magistrate recommends that the defendants' motion to dismiss be denied.

---

1. Defendants style their motion as one under F.R.C.P. 12(b)1, lack of subject matter jurisdiction. The Third Circuit, however, has held that in situations such as this the appropriate rule is 12(b)6. Rule 12(b)1 deals with subject matter jurisdiction, which this court has as there is diversity of citizenship and an amount in controversy in excess of $75,000.00. Compl. ¶ 3. Rule 12(b)6 deals with not stating a cause of action upon which relief can be granted and is the correct rule to rely on in matters involving arbitration. *Nationwide Ins. v. Patterson,* 953 F.2d 44, 45 n. 1 (3d Cir.1991). For purposes of judicial economy, we shall treat the motion as if it had been filed under Rule 12(b)6.

828

The defendants have filed objections to the report and recommendation bringing the case to its present posture. After a careful review of the matter, we find that the defendants' objections should be sustained.

## Standard of Review

 In disposing of objections to a magistrate's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); *see also Henderson v. Carlson,* 812 F.2d 874, 877 (3d Cir.1987). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions. *Id.*

 In the instant case, the parties are apparently in agreement that Pennsylvania state law governs the substantive liabilities of the parties. "Under Pennsylvania law, the determination of whether an issue must be submitted to arbitration depends on two factors: (1) whether the parties entered into an agreement to arbitrate, and (2) whether the dispute falls within the scope of that agreement." *Id.* at 46. The question presented here is whether the dispute falls within the scope of the agreement as it is uncontested that the parties have in fact entered into an arbitration agreement. Further, any ambiguities in the policy must be resolved against the insurance company. *Brennan v. General Accident Fire & Life Assurance, Corp.,* 524 Pa. 542, 574 A.2d 580 (1990).

The insurance policy at issue provides as follows:

Deciding Fault and Amount—Coverages U, U3, W and W3 Two questions must be decided by agreement between the *insured* and us:

1. Is the *insured* legally entitled to collect compensatory damages from the owner or driver of an *uninsured motor vehicle or underinsured motor vehicle;* and

2. If so, in what amount?

If there is no agreement, these two questions shall be decided by arbitration at the request of the *insured* or us. The arbitrators' decision shall be limited to these two questions. The arbitrators shall not award damages under this policy which are in excess of the limits of liability of this coverage as shown on the declarations page. The Pennsylvania Uniform Arbitration Act, as amended from time to time, shall apply.

Complaint Exhibit A, Insurance Policy at page 19 (emphasis in original).

To decide whether the instant case should be in arbitration, we must determine what the issues are and the scope of the arbitration clause. In its complaint, plaintiff claims that the underlying dispute is whether the policy forms used by State Farm and executed by Richard Walko, requesting limits of underinsured motorist coverage lower than the limits of liability coverage, are invalid and unenforceable as violative of the Pennsylvania Motor Vehicle Financial Responsibility Law. Complaint ¶ 12. Defendants frame the underlying issue as follows: "The crux of the dispute between the Plaintiff and the Defendants involves whether or not the 'sign down' and waiver forms prepared by the Plaintiff are valid under the Pennsylvania Motor Vehicle Financial Responsibility Law." Motion To Dismiss, ¶ 4. Defendants proceed to explain that "[t]he policy does not specifically exclude, from the province of the arbitrators, consideration of coverage issues or stacking and waiver issues." *Id.* at ¶ 5. We must decide whether these matters fall within the scope of the arbitration provision.

 In determining the scope of an arbitration provision, courts examine the language granting authority to the arbitrators and for any language limiting the arbitrator's jurisdiction. *Brennan v. General Accident Fire & Life Assurance Corp.* 524 Pa. 542, 574 A.2d 580 (1990); *Nationwide Ins. Co. v. Patterson,* 953 F.2d 44 (3d

Cir.1991). The *Patterson* court noted that "... the vast majority of district court decisions applying Pennsylvania law have held that questions concerning the extent of coverage under an insurance policy are within the scope of the arbitration clause unless there is language in the clause which explicitly excludes coverage issues from the scope of arbitration." *Id.* at 47. As set forth above, the instant controversy appears to fit into the arbitration clause as the parties are disputing coverage under the policy. Consequently, we must examine the clause to determine if there is any language in policy which explicitly excludes the present issue.

Plaintiff State Farm maintains that the arbitration clause is not applicable because the following limitation is imposed: "The arbitrators shall not award damages under this policy which are in excess of the limits of liability of this coverage as shown on the declarations page." Complaint Exhibit A, Insurance Policy at page 19. Plaintiff's position is that the defendants have already been awarded the amount shown on the declarations page. Accordingly, the arbitrators would not be able to award them any additional damages pursuant to the plain language of the arbitration clause, and the matter is not appropriate for arbitration.

We do not agree with the plaintiff. The arbitration clause language that plaintiff cites merely limits the amount of damages that the arbitration panel can award—it does not limit the matters which are subject to arbitration. It does not clearly exclude any topic from arbitrators including the coverage issues in the instant case. Case law indicates that language excluding matters from arbitration can be very clear. For example, the United States District Court for the Eastern District of Pennsylvania found that the following language excluded coverage issues from arbitration: "Questions between the injured party and us regarding whether the injured party is an insured under this coverage, or the limits of such coverage are not subject to

arbitration and shall be decided by a court of law." *Troebs v. Nationwide Ins. Co.,* 1998 WL 546078 (E.D.Pa.). In the instant case, the policy provides that coverage issues are proper for arbitration and then attempts to limit the amount that the arbitrators can award without limiting the topics that are subject to arbitration.

█ Inasmuch as the disputed language from the arbitration clause may be an attempt to remove some topics from arbitration, we find it to be ambiguous. As such it is properly interpreted against the insurer. *Bateman v. Motorists Mutual Ins. Co.,* 527 Pa. 241, 590 A.2d 281, 283 (1991) ("Where the provision of the policy is ambiguous, the policy provision is construed in favor of the insured and against the insurer, the drafter of the instrument.").

Moreover, merely because the defendants seek to arbitrate an issue does not necessarily mean that more damages will be awarded. The arbitrators may, in fact rule for the plaintiff and find no more damages are appropriate. Otherwise, if the arbitrators find that more damages are necessary, above the amount currently listed on the policy, they can reasonably substitute the amount they find is proper as the amount listed on the declarations page and award it without violating the policy.

In addition to arguing that the matter does not fall within the arbitration provision, plaintiff also alleges that as a matter of law, the subject of the dispute is not proper for arbitration. We disagree.

█ Under the law, when a claimant attacks a particular provision of a clause in an insurance contract as being contrary to a constitutional, legislative, or administrative mandate, jurisdiction may properly lie with a federal district court. *Schultz v. Aetna Casualty and Surety Co.,* 443 Pa.Super. 659, 663 A.2d 166, 168 (1995). Plaintiff claims that the court, rather than arbitrators, should decide issues of whether policy provisions themselves are valid and enforceable. Appar-

ently their position is that such matters necessarily involve constitutional, legislative, or administrative mandate. Contrary to the plaintiff's position, case law indicates that this case is proper for arbitration. *See Nealy v. State Farm Mutual Automobile Ins. Co.*, 695 A.2d 790 (Pa.Super.1997).

In *Nealy,* a case dealing with jurisdiction in an automobile insurance setting, one of the issues was whether the waivers that the claimants signed pursuant to 75 Pa.C.S.A. § 1734 were invalid, thus entitling the claimants to a greater amount of stacked uninsured/underinsured motorist benefits. *Id.* at 791. The court found that jurisdiction over the matter rested with the arbitrators, and the courts were even without jurisdiction to hear an appeal of the matter. *Id.* at 792. *See also Prudential Property and Casualty Ins. Co. v. Goshgarian,* 1995 WL 56604 (E.D.Pa.) (Issue of whether husband-defendant specifically waived any stacking of coverage when he signed a rejection of Stacked Underinsured Coverage Limits provision should be heard by arbitrators). As set forth above, the issue in the instant case is similar to *Nealy* and accordingly it is also appropriate for arbitration. Accordingly, plaintiff's argument is without merit, and the subject matter is not barred from arbitration.

For the foregoing reasons, the defendants' motion to dismiss will be granted, and the objections to the report and recommendation sustained.