THE HARTFORD INSURANCE CO., Plaintiff,

v.

Steven O'MARA, Defendant.

No. CIV.A. 00–1326.

United States District Court, E.D. Pennsylvania.

Nov. 29, 2000.

---

Alan T. Silko, Brown & Levicoff, P.C., Pittsburgh, PA, for Plaintiff.

David Brian Rodden, Rodden & Rodden, Philadelphia, PA, for Defendant.

## MEMORANDUM

JOYNER, District Judge.

This is a automobile insurance case involving a dispute over the proper procedure for applying for uninsured motorist ("UM") and underinsured motorist ("UIM") coverage. Plaintiff Hartford Insurance Company ("Hartford") seeks a declaratory judgment affirming the validity of the UM/UIM selection form on which William and Elizabeth O'Mara ("the O'Maras"), parents of Defendant Steven O'Mara ("Defendant"), selected reduced UM/UIM coverage. Presently before the Court is Defendant's Motion to Dismiss and Plaintiff's Motion for Summary Judg-

ment. For the reasons below, we will grant Defendant's Motion and deny Plaintiff's Motion.

## BACKGROUND

The facts of this case are straightforward. In September 1994, the O'Maras applied to Hartford for automobile insurance. The policy limit of the liability insurance selected by the O'Maras was $100,000 per person/$300,000 per accident. As required by the Pennsylvania Motor Vehicle Financial Responsibility Law ("the MVFRL"), Hartford gave the O'Maras the option of purchasing or rejecting UM and/or UIM coverage in an amount equal to or less than the amount of their policy limit. Hartford presented the O'Maras with a form on which to make this selection, and the O'Maras chose reduced UM and UIM coverage in the amount of $15,000 per person/$30,000 per accident. The policy was later issued in October 1994.

In May 1995, the O'Maras' son Steven was injured by an uninsured motorist. Following his injury, Defendant made a claim for UM benefits under the O'Maras' policy,[1] and Hartford paid $45,000[2] in accordance with the agreed upon UM coverage. Notwithstanding that payment, the O'Maras later informed Hartford that they believed that the UM/UIM selection form on which they selected reduced coverage was invalid[3] and that they were entitled to UM/UIM benefits to the full extent of their policy. Hartford disagreed with the O'Maras' position and, in March 2000, commenced this action seeking a declaratory judgment affirming the validity of the UM/UIM selection form under the MVFRL. In July 2000, Defendant moved to dismiss for lack of subject jurisdiction or, alterna-

---

**1.** Neither party disputes that Steven O'Mara is covered by his parents' insurance policy.

**2.** The $45,000 sum reflects the $15,000 limit "stacked" three times. Stacking is a shorthand term denoting the common insurance practice of offering a total coverage limit

equal to the sum of the individual limits for each vehicle.

**3.** The procedures for reducing UM/UIM coverage below the policy limits are codified in the MVFRL. *See* 75 Pa.C.S.A. §§ 1731; 1734; 1791(6).

tively, for failure to state a claim.[4] After responding in opposition to Defendant's Motion to Dismiss, Plaintiff moved for summary judgment in August 2000.

## DISCUSSION

### I. *Legal Standard*

When considering a motion to dismiss under Rule 12(b)(6), a court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir.2000) (internal quotations omitted). A motion to dismiss may only be granted where the allegations fail to state any claim upon which relief can be granted. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997). Dismissal is warranted "if it is certain that no relief can be granted under any set of facts which could be proved." *Klein v. General Nutrition Cos., Inc.*, 186 F.3d 338, 342 (3d Cir.1999) (internal quotations omitted).

### II. *Request for Declaratory Judgement*

In his Motion to Dismiss, Defendant argues that Hartford is collaterally estopped from seeking declaratory relief before this Court because it has acquiesced to the jurisdiction of the arbitration panel. (Def. Mot. at ¶ 14; Def. Mem. at 7). Both parties admit that the O'Maras' insurance policy contains a valid arbitration clause;[5] the question is whether that clause applies to the present dispute. Based on our reading of state law and other courts' related holdings, we find that it does.

 Defendant correctly points out that arbitration panels are generally given broad authority to resolve claim disputes. *Brennan v. General Accident Fire & Life Assurance Corp.*, 524 Pa. 542, 574 A.2d 580, 583 (1990) (holding that question was within arbitration provision because provision contained no specific language precluding arbitrators from reaching question). Hartford contends, however, that Defendant reads *Brennan* and its progeny too broadly.[6] Specifically, Hartford asserts that where a dispute centers on whether a particular policy provision is contrary to a constitutional, legislative or administrative mandate, the controversy may be subject to judicial review. *See,*

---

**4.** Although Defendant styles his Motion as one to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), we will treat it solely as a motion to dismiss for failure to state a claim under Rule 12(b)(6). It is clear that this Court has diversity jurisdiction under 28 U.S.C. § 1332 because the parties reside in different states and the amount in controversy exceeds $75,000. (Compl. at ¶ 5). In a case such as this, dismissal of a declaratory judgment action because the dispute is covered by an arbitration clause is properly effected under Rule 12(b)(6). *See, e.g., Nationwide Ins. Co. v. Patterson*, 953 F.2d 44, 45 n. 1 (3d Cir.1991).

**5.** The arbitration clause states in pertinent part:

 A. If we and an insured do not agree:

 1. Whether that person is legally entitled to recover damages under this Part; or

 2. As to the amount of damages; either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. (Def. Mot. at Ex. "P").

**6.** Preliminarily, Hartford argues that *Brennan* does not apply because it was a common law arbitration case, whereas the instant case involves arbitration under the Pennsylvania Uniform Arbitration Act, 42 Pa.S.C. §§ 7301–7320. This argument is without merit. The *Brennan* court did find the dispute before it to be governed by common law arbitration principles. However, the court did so because the case involved review of an arbitration award. *See Brennan*, 574 A.2d at 582. Although the standard of review under statutory arbitration differs from the standard of review under the common law, no difference exists as to the issues that may be submitted to an arbitrator. *See Sun Ins. Office, Ltd. v. Neff*, CIV.A. No. 90–2395, 1991 WL 22279, 1991 U.S. Dist. LEXIS 1925, at *15 (E.D.Pa. Feb. 19, 1991). Moreover, Hartford offers no reasons why this distinction should have any effect on our interpretation of the arbitration provision, and other courts have rejected similar arguments in the past. *See id.; Jones v. Hartford Fire Ins. Co.*, CIV.A. No. 89–5321, 1991 WL 67746, 1991 U.S. Dist. LEXIS 5739, at *6 (E.D.Pa. Apr.26, 1991).

*e.g., Warner v. Continental/CNA Ins. Cos.,* 455 Pa.Super. 295, 688 A.2d 177, 181 (1996) (recognizing exception to general rule that disputes arising under contract with valid arbitration clause are referred to arbitrator). In view of this exception, Hartford maintains that the question arising in this case must be heard by a court instead of an arbitrator. We disagree.

Initially, we note that Hartford's Complaint does not actually allege that a provision of its policy is or is not contrary to a constitutional, legislative or administrative mandate. Rather, the Complaint simply states that "Hartford seeks a declaration from this Court that the Selection Form ... is valid and enforceable in compliance with the MVFRL." (Compl. at ¶ 18). Very recently, another court in this district found that nearly identical language in another complaint filed by Hartford against a different defendant was insufficient to withstand a Rule 12(b)(6) motion. *Hartford Ins. Co. v. Corbett,* CIV.A. No. 99–5841, 2000 WL 892838, at *2 (E.D.Pa. June 30, 2000) (dismissing complaint because prayer for relief not equivalent to an allegation and no allegation made that could be resolved by arbitrator). Hartford's Complaint in this case appears to suffer from precisely the same shortcomings.

Those deficiencies aside, there remains ample additional support for concluding that the present dispute falls within the policy's arbitration provision. Several other courts that have considered substantially similar, if not identical, disputes have found the arbitration provision still controlling. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Walko,* 103 F.Supp.2d 826, 828–30 (M.D.Pa.2000) (dismissing declaratory judgment action by insurer who sought declaration that selection forms used to reduce UIM coverage below limits of liability coverage were valid); *Allstate Ins. Co. v. McBride,* CIV.A. No. 94–6469, 1995 WL 3693, at *2–*3 (E.D.Pa. Jan.3, 1995) (dismissing declaratory judgment action by insurer who sought declaration that defendant not entitled to UIM coverage because

waiver forms were enforceable); *Aetna Cas. & Sur. Co. v. Hiller,* CIV.A. No. 95–144, 1995 U.S. Dist. LEXIS 7259, at *2–*3, 1995 WL 322640 (E.D.Pa. May 25, 1995) (dismissing declaratory judgment action by insurer who sought declaration that policy did not cover insured's son); *see also Nationwide Ins. Co. v. Patterson,* 953 F.2d 44, 48–49 (3d Cir.1991) (affirming dismissal of declaratory judgment action by insurer who sought declaration that defendant could not receive both liability and UIM benefits under her policy). Moreover, Hartford's warnings against reading *Brennan* too broadly are belied by subsequent holdings of other courts interpreting Pennsylvania law generally and *Brennan* specifically. As the United States Court of Appeals for the Third Circuit observed:

> [f]ollowing the decision in *Brennan,* the vast majority of district court decisions applying Pennsylvania law have held that questions concerning the extent of coverage under an insurance policy are within the scope of an arbitration clause unless there is language in the clause that explicitly excludes coverage issues from the scope of arbitration.

*Patterson,* 953 F.2d at 47–48 (listing cases); *see also McAlister v. Sentry Ins. Co.,* 958 F.2d 550, 553–54 (3d Cir.1992) (affirming dismissal of declaratory judgment action and noting broad reading of *Brennan*); *Federal Kemper Ins. Co. v. Reager,* 810 F.Supp. 150, 153 (E.D.Pa. 1992) (rejecting insurer's "cramped reading" of arbitration clause).

Like the courts cited above, we find that the dispute before us concerns the extent of coverage and is properly within the arbitration clause of the policy. *See, e.g., Walko,* 103 F.Supp.2d at 829–30 (citing *Nealy v. State Farm Mut. Auto. Ins. Co.,* 695 A.2d 790 (1997)). It is clear that the policy's arbitration clause does not explicitly exclude issues concerning UM/UIM coverage. In addition, we find the cases cited by Hartford unpersuasive. While we do not discount the existence of the exception highlighted by Hartford, it is evident from

the case law that the dispute in this case is appropriate for arbitration.[7] Accordingly, we will grant Defendant's Motion to Dismiss. Because we will grant Defendant's Motion, Plaintiff's Motion for Summary Judgment will be denied as moot.

## CONCLUSION

For the foregoing reasons, we will grant Defendant's Motion to Dismiss. An appropriate order follows.

## ORDER

AND NOW, this day of November, 2000, upon consideration of Defendant's Motion to Dismiss (Document No. 6), and Plaintiff's Response thereto, it is hereby ORDERED that Defendant's Motion is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Document No. 8) is DENIED as MOOT.

---

**7.** Hartford relies largely on *Hall v. Amica Mut. Ins. Co.*, 538 Pa. 337, 648 A.2d 755 (1994) to support its argument that the dispute in this case should be before this Court instead of arbitrators. Unlike this case, however, *Hall* addressed the Court of Common Pleas's power *to review* an arbitration award, a power that the Pennsylvania Supreme Court upheld. *Id.* at 758. ("In short, a court has the power to review an arbitration award which is based on the declaration of an insurance policy clause to be void as against public policy ..."). While the instant case may ultimately reach the juncture in *Hall*, it is not to that stage yet. Hartford also relies on an unpublished and unreproduced "Memorandum/Order" by the distinguished Judge Pollak. (Pltf. Resp. at Ex. 2). While it appears Judge Pollak addressed a claim similar to the one at bar and reached a different conclusion, the order cited by Hartford lacks precedential value. In addition, because of the brevity of that order, it is not clear that it involved the same allegations as this case. In any event, we are persuaded by the vast majority of courts that have found, in cases involving similar issues, that those issues were within the scope of the respective arbitration provisions.