

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-11-2008

# Fuchs v. Mercer

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4473

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Fuchs v. Mercer" (2008). *2008 Decisions.* Paper 1761.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1761

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4473
_____

PETER J. FUCHS,

Appellant

v.

MERCER COUNTY; MERCER COUNTY DISTRICT ATTORNEY'S OFFICE;
JAMES P. EPSTEIN, in his individual and official capacities;
WILLIAM MODER; ROBERT LEWIS, in his individual and official capacities

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 06-cv-00821)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 3, 2007

Before: AMBRO, FUENTES and FISHER, <u>Circuit</u> <u>Judges</u>

(Filed: January 11, 2008)
_____

OPINION
_____

PER CURIAM

Peter Fuchs, who is now proceeding <u>pro</u> <u>se</u>, appeals from the District Court's order

granting the defendants' motion to dismiss his complaint.  For the reasons set forth below,

we will affirm the District Court's judgment.

On June 21, 2004, Fuchs was fined after pleading guilty to charges of disorderly conduct and harassment. The facts underlying his plea and conviction are well known to the parties, thus we only briefly recount them here. Apparently, on November 15, 2002, the home of Fuchs' brother caught fire. Fuchs, who was nearby at the time, tried to approach the home to assist his brother with the salvage operation when he was turned away by Officer Newton, a police officer with the Shenango Township Police Department. Fuchs alleges that Officer Newton became enraged when he politely explained that he was the victim's brother and was trying to assist. Fuchs further alleges that the officer assaulted and injured him, and then charged Fuchs with aggravated assault, simple assault, disorderly conduct, harassment, failure to disperse and resisting arrest.[1] At a preliminary hearing on February 5, 2003, the District Attorney's Office ("D.A.'s Office) of Mercer County withdrew the aggravated and simple assault charges, but held the remaining charges for court.

Despite what Fuchs alleges was questionable credibility on the part of Officer Newton, Fuchs asserts that the D.A.'s Office chose not to interview three other officers who could have provided accounts of the incident. Fuchs further alleges that the D.A.'s Office did not ask to interview his brother prior to the June 2004 proceeding, and only

---

[1] In December 2003, Fuchs filed a civil lawsuit against Shenango Township and two of its police officers to recover for the injuries he sustained during this incident. That lawsuit has apparently been settled recently. See Compl. ¶ 21.

2

provided statements taken in the civil action twenty minutes before his scheduled criminal trial, if at all. As a result of these circumstances, Fuchs claims that he felt compelled to accept the plea bargain offered by the D.A.'s Office.

Fuchs filed a counseled complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of Pennsylvania on June 21, 2006, wherein he claimed that defendants' actions surrounding the criminal charges and subsequent conviction, as well as those involving a private criminal complaint he filed against Officer Newton, violated his right to substantive due process protected by the Fourteenth Amendment. Fuchs sought compensatory and punitive damages for harm resulting from his "forced" guilty plea and the stress of "being wrongly and unjustly prosecuted." See Compl. ¶ 40-42. Defendants responded by filing a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the claims set forth in Fuchs' § 1983 complaint were barred by, inter alia, the favorable termination requirement of Heck v. Humphrey, 512 U.S. 477 (1994), and absolute or qualified immunity.

The District Court agreed with defendants' contention that Fuchs' § 1983 suit for damages was barred by Heck v. Humphrey, because he failed to show that his guilty plea conviction had been appealed, overturned or even questioned in any way by any court. The District Court concluded that the Heck prerequisite applied to Fuchs' claims regarding the pre-trial investigation and resulting prosecution "whether packaged as substantive due process, malicious prosecution or something else." See Dist. Ct. Mem.

3

Op. at 3, (citing Albright v. Oliver, 510 U.S. 266, 275 (1994), and Torres v. McLaughlin, 163 F.3d 169, 172-73 (3d Cir. 1998)). The court further concluded that Fuchs' remaining claims were barred by the doctrine of prosecutorial immunity, see id. at 4, (citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976), and Kulwicki v. Dawson, 969 F.2d 1454, 1463 (3d Cir. 1992)), since none of the conduct of the defendant prosecutors fell outside of the traditional advocacy functions. Accordingly, the District Court granted defendants' motion to dismiss. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review over the District Court's order dismissing Fuchs' complaint under Rule 12(b)(6) is plenary, see Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007), and we apply the same standard as does a District Court. Yarris v. County of Del., 465 F.3d 129, 134 (3d Cir.2006). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)). As explained by the District Court, Fuchs' § 1983 suit is barred by Heck v. Humphrey and Imbler v. Pachtman.

We concluded in Gilles v. Davis, 427 F.3d 197, 209 n.8 and 211 (3d Cir. 2005), that Heck applies to claims brought by a litigant whose successful completion of an Accelerated Rehabilitative Disposition ("ARD") program and/or guilty plea did not constitute a "favorable termination" for purposes of bringing a subsequent § 1983 suit.

4

Fuchs argues that we "misapplied" the favorable termination requirement in <u>Gilles</u> and that such a requirement should not be held applicable to a plaintiff for whom habeas relief is unavailable, especially when considering the concurring opinion of Justice Souter in <u>Heck</u> and the various opinions of the Justices in <u>Spencer v. Kemna</u>, 523 U.S. 1 (1998). We recognized in <u>Gilles</u>, as have some of our sister circuits, "that concurring and dissenting opinions in <u>Spencer</u> [], question the applicability of <u>Heck</u> to an individual ... who has no recourse under the habeas statute." <u>Gilles</u>, 427 F.3d at 209-210, (citing <u>Spencer</u>, 523 U.S. at 19-20 (Souter, J., concurring); at 21 (Ginsburg, J., concurring); at 25 n. 8 (Stevens, J., dissenting)). These opinions nonetheless did not affect our ultimate conclusion regarding the applicability of <u>Heck</u>. <u>See</u> <u>Gilles</u>, 427 F.3d at 209 n.8 ("[U]nder <u>Heck</u>, both a guilty plea and an ARD are sufficient to bar a subsequent § 1983 claim.").

Absent an intervening Supreme Court decision to an en banc decision of our Court, we are bound by the prior precedent of this Court. <u>See</u>, <u>e.g.</u>, <u>United States v. Cont'l Airlines (In re Cont'l Airlines)</u>, 134 F.3d 536, 542 (3d Cir.1998) (noting " 'a panel of this court is bound to follow the holdings of published opinions of prior panels of this court unless overruled by the court en banc or the holding is undermined by a subsequent Supreme Court case' ") (alteration in original) (quoting <u>Nationwide Ins. Co. v. Patterson</u>, 953 F.2d 44, 46 (3d Cir.1991)); 3d Cir. Internal Operating P. 9.1 ("It is the tradition of this court that the holding of a panel in a precedential opinion is binding on subsequent panels. Thus no subsequent panel overrules the holding in a precedential opinion of a

previous panel. [An en banc decision of this court] is required to do so."). The Court declined Fuchs' request for initial consideration of this case en banc in an Order entered on February 13, 2007. Thus, Gilles is dispositive.

Additionally, we cannot agree with Fuchs' contention that the District Court erred in its application of Imbler and its conclusion that defendants were entitled to absolute immunity given the allegations in the complaint and the functional nature of the challenged activities. See Williams v. Consovoy, 453 F.3d 173, 178 (3d Cir.2006) (observing that courts apply absolute prosecutorial immunity using a functional approach that focuses on the purpose served by the acts for which immunity is sought). Prosecutors enjoy absolute immunity for the decision to initiate a prosecution, Kulwicki, 969 F.2d at 1463-1464, for evaluation of evidence collected by investigators, Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993), and even for failure to conduct adequate investigation before filing charges, Kulwicki, 969 F.2d at 1463-1464. Likewise, "investigators for a prosecutor performing investigative work in connection with a criminal prosecution deserve the same absolute immunity as the prosecutor." Davis v. Grusemeyer, 996 F.2d 617, 632 (3d Cir. 1993), abrogated on other grounds by Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644 (3d Cir. 1998). See also KRL v. Moore, 384 F.3d 1105, 1113 (9th Cir. 2004) ("[A]n investigator gathering evidence, a month after an indictment was filed, to prepare the prosecutor for trial is engaged in an advocacy function intimately associated with the judicial process, and is entitled to the

6

same immunity that would be afforded a prosecutor").

Fuchs' claim regarding defendants' allegedly deficient performance in investigating his private criminal complaint against Officer Newton fares no better as, generally, "[t]here is no statutory or common law right, much less a constitutional right, to [such] an investigation." Mitchell v. McNeil, 487 F.3d 374, 378 (6ᵗʰ Cir. 2007), (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (observing that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another")).

Accordingly, for the reasons stated, we will affirm the District Court's judgment.