**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1401
_____

HONG ZHUANG,
                              Appellant

v.

EMD PERFORMANCE MATERIALS CORP.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 1:18-cv-001432)
District Judge: Honorable Christine P. O'Hearn
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 6, 2023
Before:  KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: July 18, 2023)
_____

OPINION[*]
_____

PER CURIAM

     Pro se appellant Hong Zhuang appeals from the District Court's order denying her

motion to reopen and enforce a settlement agreement and granting appellee EMD

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Performance Materials Corp.'s ("EMD PM") motion to compel arbitration. Because we lack jurisdiction to review the District Court's order, we will dismiss this appeal.

I.

In 2018, Zhuang initiated an action in the District Court against her former employer, EMD PM. In November 2022, the case proceeded to a jury trial, with Zhuang appearing pro se. Shortly before closing statements, the parties met for a settlement conference. The meeting resulted in a written term sheet, which the parties signed.

As a result, the District Court dismissed the jury and entered an order administratively terminating the case pending confirmation of the settlement. The order noted that it was not a final dismissal order and that the parties had 60 days to either dismiss the action under the terms of the settlement or request reopening of the case. The District Court stated that it would dismiss the action without further notice if the parties did not file dismissal papers or a motion to reopen. The parties began working to finalize the settlement agreement.

Two weeks later, Zhuang filed a motion to reopen the case and enforce the settlement agreement. She argued that EMD PM breached the agreement the parties made in their term sheet. EMD PM responded by filing a motion to compel arbitration, also based on the term sheet. The District Court held a hearing on the parties' motions, denying Zhuang's and granting EMD PM's. Zhuang filed a notice of appeal several days later.

## II.

We lack appellate jurisdiction over this appeal. "Section 16 of the Federal Arbitration Act ["FAA"] . . . governs appellate review of arbitration orders." Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 84 (2000). The FAA explicitly prohibits interlocutory appeals from orders "compelling arbitration." See 9 U.S.C. § 16(b)(3).

When a district court compels the parties to proceed to arbitration and dismisses the case, that order is final and immediately appealable. See Green Tree, 531 U.S. at 86-89. Here, however, the District Court has not entered a final dismissal order. In a case where a district "court never mentioned a dismissal — either with or without prejudice," we concluded that that court "maintained an implicit supervisory role over the arbitration." See Freeman v. Pittsburgh Glass Works, LLC, 709 F.3d 240, 248 (3d Cir. 2013). Although the District Court entered a prior order administratively terminating the case pending confirmation of the parties' settlement, it explicitly stated that it was not a final dismissal order and provided next steps for the parties to take. The District Court explained that it would dismiss the action without further notice if the parties did not file dismissal papers or a motion to reopen within 60 days, but Zhuang filed a motion to reopen just two weeks later. The District Court ruled on the parties' motions but did not dismiss the action. See id. (rejecting "attempts to characterize an administrative closing as a final order in disguise"); Cup v. Ampco Pittsburgh Corp., 903 F.3d 58, 62 (3d Cir. 2018) (explaining that a district court's dismissal of the remaining claims in a case, not its administrative closure, rendered its order compelling arbitration final and appealable).

3

Accordingly, the District Court's order granting EMD PM's motion to compel arbitration was not an appealable interlocutory order under the FAA.[1]

Because the District Court has not entered a final order in this case, we have no jurisdiction to review any of the other decisions made by the District Court at this time.[2] See Papotto v. Hartford Life & Accident Ins. Co., 731 F.3d 265, 269 (3d Cir. 2013) (explaining that a final order typically "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment") (citation omitted).

Accordingly, we will dismiss this appeal for lack of jurisdiction.[3]

---

[1]  As EMD PM argues, there appears to be nothing preventing Zhuang from seeking review by the District Court on certain grounds after arbitration concludes.  See 9 U.S.C. § 10.  And a litigant may ultimately appeal from a "final decision" with respect to an arbitration.  Id. § 16(a)(3).

[2]  No other basis for asserting jurisdiction exists here.  The District Court has not issued a collateral order under Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546 (1949).  Cf. Commonwealth Ins. Co. v. Underwriters, Inc., 846 F.2d 196, 198 (3d Cir. 1988) ("The requirement of effective unreviewability is unsatisfied by [an order staying an action pending arbitration] . . . because review of that order and . . . the validity of the arbitration clause . . . will be available upon appeal from the final judgment after arbitration and the district court proceedings are concluded.").  The District Court has not issued an order relating to the grant or denial of injunctive relief under 28 U.S.C. § 1292(a) or a question certified pursuant to 28 U.S.C. § 1292(b).  See In re Briscoe, 448 F.3d 201, 211 (3d Cir. 2006).

[3]  The parties' motions to seal their filings on appeal are granted.